No. 23-3166

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

———————

PENNSYLVANIA CONFERENCE OF THE NAACP, *et al.*,

v.

SECRETARY COMMONWEALTH OF PENNSYLVANIA, *et al.*

REPUBLICAN NATIONAL COMMITTEE;
NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE;
THE REPUBLICAN PARTY OF PENNSYLVANIA,

*Appellants.*

———————

**On Appeal from the United States District Court for the
Western District of Pennsylvania, Case No. 1:22-cv-00339**

———————

## MOTION TO INTERVENE OF RICHARD MARINO

———————

Kathleen A. Gallagher
THE GALLAGHER FIRM, LLC
436 Seventh Ave., 31st Floor
Pittsburgh, PA 15219
(412) 717-1900
kag@gallagherlawllc.com

Thomas W. King, III
Thomas E. Breth
DILLON, MCCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
(724) 283-2200
tking@dmkcg.com
tbreth@gmkcg.com

John M. Gore
  *Counsel of Record*
E. Stewart Crosland
Louis J. Capozzi, III
Ryan M. Proctor
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com
rproctor@jonesday.com

*Counsel for Richard Marino*

**INTRODUCTION**

Richard Marino supports and seeks to uphold free and fair elections on behalf of all Pennsylvanians. He therefore moves to intervene in this appeal for the purpose of restoring the General Assembly's commonsense election laws.

Mr. Marino prevailed in his bid for reelection to the Towamencin Township Board of Supervisors under the laws and rules in effect on Election Day, November 7, 2023. Weeks after Election Day and after voters had cast their ballots, the District Court issued an order and judgment directing the boards of elections in 12 Pennsylvania counties— but not in the other 55 counties—to count absentee and mail-in ballots that fail to comply with the General Assembly's duly enacted date requirement. That post-election order and judgment have resulted in flipping the apparent result of Mr. Marino's election: invoking them, the Montgomery County Board of Elections has included 6 noncompliant ballots in the vote total and declared Mr. Marino's opponent, Kofi Osei, the winner.

Mr. Marino now seeks to intervene to participate in this appeal, obtain a stay of the District Court's judgment, and ultimately reverse it.

As explained more fully below, Mr. Marino satisfies all of the requirements for intervention of right and, in the alternative, permissive intervention.

Time is of the essence. Mr. Osei is scheduled to be sworn into office on January 2, 2024. A stay is warranted to ensure that Mr. Marino is timely certified as the winner and can seek further review in the U.S. Supreme Court if necessary. Mr. Marino therefore respectfully requests that the Court expedite briefing and issue a decision on this motion no later than December 15, 2023, and no later than its ruling on the motion for stay pending appeal.

## BACKGROUND

Mr. Marino is the vice chairman of the Towamencin Township Board of Supervisors. *See* Marino Decl., ADD.1 ¶ 3. In the November 7, 2023 general election, he was the Republican nominee for reelection to the Board of Supervisors. *See id.* ¶ 6. Under the rules in effect on Election Day—and under which Towamencin Township voters cast their ballots and voted—Mr. Marino prevailed, receiving 4 more votes than his challenger, Democrat Kofi Osei. *See id.* ¶ 7.

Two weeks after Election Day and after voters cast their ballots, the District Court issued a summary-judgment order invalidating the date requirement in 12 Pennsylvania counties, including Montgomery County, where Towamencin Township is located. *See* ECF No. 347. This order resulted in a change of the apparent outcome of the Towamencin Township election. *See* ADD.1-2 ¶¶ 7-16. Invoking the District Court's ruling, the Montgomery County Board of Elections counted 6 ballots that failed to comply with the date requirement. *See id.* ¶ 9. Including those noncompliant ballots in the vote total resulted in a tie between Mr. Marino and Mr. Osei. *See* ADD.2 ¶ 10. The Montgomery County Board of Elections then convened a casting of lots on November 30, 2023, *see* 25 Pa. Stat. § 3168, through which it declared Mr. Osei the winner, *see id.* ¶¶ 11-12.

Mr. Marino's current term of office ends on December 31, 2023. *See id.* ¶ 15. Absent a stay or a change in the apparent outcome caused by the District Court's ruling, Mr. Osei will be sworn into office on January 2, 2024. *See id.* If the apparent outcome does not change, Mr. Marino will also be deprived of the compensation he would otherwise be entitled to receive as a Towamencin Township Supervisor. *See id.* ¶ 16.

Towamencin Township voters have filed a contest to the Montgomery County Board's certification of Mr. Osei as the winner. *See* Petition, *In Re: Contest of Nov. 7, 2023 Election of Towamencin Township Supervisor*, No. 2023-26306 (Ct. Comm. Pls. of Mont. Cty.), ADD.4; 25 P.S. §§ 3291, 3431, 3456. The Montgomery County Board's sole basis for counting the noncompliant ballots is the District Court's order. *See* Montgomery County General Election Certification Postponed Due To Court Ruling (Nov. 22, 2023), ADD.30-31. Accordingly, a stay or reversal of the order will eliminate the basis on which the Montgomery County Board altered the election result. *See* ADD.10-13 ¶¶ 17-30.

On December 1, 2023, one day after losing the casting of lots, Mr. Marino moved to intervene in the District Court for the purpose of appealing its order and judgment. *See* ECF Nos. 355, 356. In addition, he and the existing Intervenor-Defendants moved that the District Court stay its order pending appeal. *See* ECF Nos. 353, 357. Mr. Marino requested that the District Court rule on both motions by December 8, given the imminence of irreparable harm. *See* ECF No. 356 at 1, 8; ECF No. 357 at 1-2, 13.

On December 4, 2023, the District Court denied the request for expedited briefing and decision and directed Plaintiffs to respond to the motions by December 11. *See* ECF No. 361. The District Court therefore will not rule by December 8 and has not set a timeline to rule. *See id.* The existing Intervenor-Defendants filed a notice of appeal on December 6. *See* ECF No. 362.

Counsel for Mr. Marino contacted counsel for the other parties regarding their position on this motion. The Elk County Board of Elections and the Lancaster County Board of Elections have no objection to this motion.

Plaintiffs, Secretary Schmidt, the Bucks County Board of Elections, and the Erie County Board of Elections oppose this motion. The Montgomery County Board of Elections has no intention of consenting to this motion. The Allegheny County Elections Division will not consent to this motion.

The Chester County Board of Elections is unable to provide a response within the time requested. The Philadelphia County Board of Elections takes no position at this time but reserves the right to oppose the motion after reviewing the papers. The parties in the District Court

noted below (including parties the District Court dismissed from the action) take no position on this motion.[1]

## LEGAL STANDARD

Courts of Appeals may grant intervention in the first instance. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 276-77 (2022).  No statute or rule explicitly provides a standard for appellate intervention motions.  *See id.*  So Courts of Appeals "apply the

---

[1] Armstrong County Board of Elections; Bedford County Board of Elections; Blair County Board of Elections; Bradford County Board of Elections; Cameron County Board of Elections; Carbon County Board of Elections; Centre County Board of Elections; Columbia County Board of Elections; Crawford County Board of Elections; Cumberland County Board of Elections; Dauphin County Board of Elections; Delaware County Board of Elections; Fayette County Board of Elections; Franklin County Board of Elections; Fulton County Board of Elections; Greene County Board of Elections; Huntingdon County Board of Elections; Indiana County Board of Elections; Jefferson County Board of Elections; Lawrence County Board of Elections; Lebanon County Board of Elections; Lehigh County Board of Elections; Lycoming County Board of Elections; Monroe County Board of Elections; Montour County Board of Elections; Northampton County Board of Elections; Northumberland County Board of Elections; Perry County Board of Elections; Potter County Board of Elections; Snyder County Board of Elections; Somerset County Board of Elections; Sullivan County Board of Elections; Tioga County Board of Elections; Union County Board of Elections; Venango County Board of Elections; Warren County Board of Elections; Washington County Board of Elections; Wayne County Board of Elections; Wyoming County Board of Elections; York County Board of Elections.

intervention standard of Civil Rule 24," governing district court intervention motions. *United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 432 (D.C. Cir. 2022); *accord Pub. Serv. Co. of N.M. v. Barboan*, 857 F.3d 1101, 1113 (10th Cir. 2017); *see Cameron*, 595 U.S. at 277 (looking to "the 'policies underlying intervention' in the district courts").

## ARGUMENT

The Court should grant Mr. Marino intervention of right because he satisfies all four requirements of Rule 24(a).  In the alternative, and at a minimum, the Court should grant permissive intervention under Rule 24(b).  Mr. Marino requests that the Court rule on the motion by December 15, and no later than its ruling on the motion for stay pending appeal, to allow him to participate fully in this appeal and any Supreme Court proceedings.

## I.  THE COURT SHOULD GRANT MR. MARINO INTERVENTION OF RIGHT

A movant is entitled to intervention of right if (1) he files a "timely motion," (2) he "claims a sufficient "interest" in the litigation (3) that interest "may as a practical matter" be "impair[ed] or impede[d]" by the disposition of the suit, and (4) "existing parties" do not "adequately

represent that interest." Fed. R. Civ. P. 24(a)(2); *see Harris v. Pernsley*, 820 F.2d 592, 596 (3d. Cir. 1987). Mr. Marino readily meets each of these four requirements.

## A. This Motion Is Timely

The timeliness of a motion to intervene is "determined from all the circumstances." *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982). Specifically, the "timeliness" of an intervention "motion should be assessed in relation to th[e] point in time" when the movant's "need to seek intervention" first "ar[o]se." *Cameron*, 595 U.S. at 280; *see also United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1182 (3d Cir. 1994) ("timeliness … should be measured from the point which an applicant knows, or should know, its rights are directly affected by the litigation, not … from the time the applicant learns of the litigation"). Litigants thus may move to intervene after judgment for the sake of participating in appellate proceedings when their basis for intervention arose only after judgment. *See, e.g., Cameron*, 595 U.S. at 279-81; *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394-95 (1977). In such cases, the "critical inquiry" for assessing timeliness "is whether … the

intervenor acted promptly *after* the entry of final judgment." *United Airlines*, 432 U.S. at 395-96 (emphasis added).

Here, Mr. Marino's basis for seeking intervention arose only after judgment. The District Court's judgment issued on November 29, 2023. *See* ECF No. 350. Mr. Marino was harmed by the District Court's order and judgment on November 30, 2023, when the apparent result of the election was flipped and the Montgomery County Board of Elections declared Mr. Osei the winner. *See supra* pp. 4-5. Mr. Marino filed his motion to intervene below only one day thereafter, which was plainly timely. *See United Airlines*, 432 U.S. at 390 (motion to intervene to contest final judgment timely when it was filed 18 days after final judgment issued).

Given the District Court's response to his motion, Mr. Marino has now appropriately moved to intervene in this Court. If the District Court does not act with sufficient dispatch on a motion for stay pending appeal, the movant need not wait for it to rule before seeking relief in the Court of Appeals. *See* Fed. R. App. P. 8(a)(2)(A)(ii). Here, if Mr. Marino does not obtain relief before January 1, *see supra* p. 5, he will suffer the "serious[]" "irreparable injury" of being "den[ied] the opportunity to

serve" in the office to which he was rightfully elected. *Kupau v. Yamamoto*, 622 F.2d 449, 457 (9th Cir. 1980); *see infra* pp. 10-16. Although Mr. Marino requested a ruling on his stay and intervention motions by December 8, the District Court refused to expedite briefing *at all* and issued an order indicating it would not even require a response from Plaintiffs before December 11. *See* ECF No. 361; *Practices and Procedures of District Judge Susan Paradise Baxter* 2-3 (Dec. 1, 2018), https://tinyurl.com/2p9rj4jm. Mr. Marino thus has a reasonable basis to move to intervene in this Court at this time. Indeed, it is the only way he can preserve his full rights to obtain relief from this Court and, if necessary, the Supreme Court.

Finally, given that this appeal is in its infancy, Mr. Marino's participation will not prejudice any other party. The motion is timely.

## B. Mr. Marino Has A Significant Interest In the Litigation And Appeal

Mr. Marino has several "interest[s] relating to … the subject of the action"—*i.e.*, the date requirement and the District Court's order and judgment invalidating that requirement in 12 Pennsylvania counties. Fed. R. Civ. P. 24(a)(2). Courts across the country (including the District Court in this case, *see* ECF No. 167) have recognized that even political

party committees have an interest in intervening in cases implicating election laws and procedures under which their supported candidates seek election.[2]    It cannot be denied that Mr. Marino, as a political

----

[2] *See La Union Del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022) (granting intervention of right to county party committees, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee); *United States v. Georgia*, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021) (granting intervention to the RNC, NRSC, and Georgia Republican Party); *Concerned Black Clergy of Metro. Atlanta, Inc. v. Raffensperger*, No. 1:21-cv-1728 (N.D. Ga. June 21, 2021) (granting intervention to the RNC, NRSC, NRCC, and Georgia Republican Party); *Coalition for Good Governance v. Raffensperger*, No. 1:21-cv-02070 (N.D. Ga. June 21, 2021) (same); *New Georgia Project v. Raffensperger*, No. 1:21-cv-1229, 2021 WL 2450647 (N.D. Ga. June 4, 2021) (same); *Ga. State Conf. of the NAACP v. Raffensperger*, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021) (same); *Sixth Dist. of the African Methodist Episcopal Church v. Kemp*, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021) (same); *Asian Ams. Advancing Justice-Atlanta v. Raffensperger*, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) (same); *VoteAmerica v. Raffensperger*, No. 1:21-cv-1390 (N.D. Ga. June 4, 2021) (same); *Wood v. Raffensperger*, No. 1:20-cv-5155 (N.D. Ga. Dec. 22, 2020) (granting intervention to the DSCC and Democratic Party of Georgia); *Alliance for Retired American's v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); *Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-1143-DLR (D. Ariz. June 26, 2020) (granting intervention to the RNC and Arizona Republican Party); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Edwards v. Vos*, Doc. 27, No. 20-cv-340-wmc (W.D. Wis. June 23, 2020) (same); *League of Women Voters of Minn.*

candidate in an election whose apparent outcome has been changed as a result of the judgment, has a significant interest in upholding the rules, including the date requirement, under which he won reelection and in appealing the judgment. *See, e.g.*, *Hodgson v. Carpenters Resilient Flooring Loc. Union No. 2212*, 457 F.2d 1364, 1365 (3d Cir. 1972) ("an unsuccessful candidate" has "an interest" under Rule 24(a) "in the

---

*Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 ECT/TNL (D. Minn. June 23, 2020) (granting intervention to the RNC and Republican Party of Minnesota); *Issa v. Newsom*, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *see also Democratic Exec. Cmte. of Fla. v. Detzner*, No. 4:18-cv-520-MW-MJF (N.D. Fla. Nov. 9, 2018) (granting intervention to the NRSC).

outcome of the election"); *Donovan v. Westside Loc. 174*, 783 F.2d 616, 624 (6th Cir. 1986) ("defeated" candidate has a "sufficient" "interest" to intervene in a suit affecting the "certification" of that election); *Kupau*, 622 F.2d at 457 (a "duly elected candidate" has an interest in preserving his or her "opportunity to serve" in office).[3]   In other words, Mr. Marino has "a substantial and particularized interest in ensuring that Pennsylvania" and the Montgomery County Board of Elections "administer[] free and fair elections."   ECF No. 167 at 9; *see also Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005) (political candidate has an interest in the "rules" that determine the "competitive environment" for political campaigns).   That interest includes interests that are personal to Mr. Marino, such as his personal interests in securing reelection, participating in Board of Supervisors matters, and receiving

---

[3] *See also Marshall v. Loc. 299, Int'l Bhd. of Teamsters*, 617 F.2d 154, 155 (6th Cir. 1980) ("unsuccessful candidate" may intervene of right "to set aside the election"); *Craig v. Simon*, 493 F. Supp. 3d 773, 780-81 (D. Minn. 2020) (permitting candidate to intervene in a suit challenging the State's election rules); *Overby v. Simon*, 2020 WL 6391287, at *3 (D. Minn. Nov. 2, 2020) (same); *Corren v. Sorrell*, 151 F. Supp. 3d 479, 495 (D. Vt. 2015) (same); *Hoblock v. Albany Cnty. Bd. of Elections*, 233 F.R.D. 95, 99 (N.D.N.Y. 2005) (same); *Hoffman v. Bucks Cnty. Bd. of Elections*, 1987 WL 14784, at *1 (E.D. Pa. Nov. 16, 1987) (same).

compensation for his Board of Supervisors service. *See* ADD.2 ¶ 16. Mr. Marino satisfies Rule 24(a)'s interest requirement.

## C. Mr. Marino's Ability To Protect His Interests May Be Affected Or Impaired By Disposition Of This Action

Rule 24(a)(2)'s impairment inquiry is "practical" and minimal: it asks only whether disposition of the action may impair the movant's ability to protect its interests. Fed. R. Civ. P. 24(a)(2); *see also Harris*, 820 F.2d at 596. In evaluating this factor, courts "may consider any significant legal effect on the applicant's interest, including a decision's stare decisis effect or a proposed remedy's impact on the applicant for intervention." *Pennsylvania v. President of the U.S.*, 888 F.3d 52, 59 (3d Cir. 2018) (internal quotation marks omitted). This Court also adheres to a "policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks." *Id.*

Mr. Marino easily satisfies this requirement as well: the District Court's order and judgment *already* have impaired his interest because they have resulted in a change in the apparent outcome of the Towamencin Township election in which he sought reelection. *See supra* pp. 4-5; *Kupau*, 622 F.2d at 457. Appealing and staying the District Court's judgment would allow Mr. Marino to seek redress from that

impairment and to undo the "fundamental[] alter[ation]" to the competitive electoral environment in Montgomery County and in Pennsylvania caused by the District Court's judgment. *Shays*, 414 F.3d at 86.

### D. Mr. Marino's Interests Are Not Adequately Represented By The Existing Defendants

The final requirement for intervention of right does not demand a showing that the representation of the movant's interest is for certain inadequate, only that it "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). This burden too is "minimal." *Id.*; *President of the United States*, 888 F.3d at 60. Indeed, courts are generally "liberal" in finding this requirement satisfied, because "in most cases … the applicant is the best judge of the representation of the applicant's own interests." 7C Wright & Miller, *Federal Practice and Procedure* § 1909 (3d ed. Apr. 2023 update).

Mr. Marino once again easily carries it. No party to this litigation shares—much less represents—Mr. Marino's personal interests in securing reelection, participating in Board of Supervisors matters, and receiving compensation for his Board of Supervisors service. *See* ADD.2 ¶ 16. Thus, the plain text of Rule 24(a) is satisfied: no "existing part[y]

… represent[s]"—"adequately" or otherwise—any of Mr. Marino's unique "interest[s] relating to" the date requirement.  Fed. R. Civ. P. 24(a)(2); *see also La Union Del Pueblo Entero*, 29 F.4th at 307-09.

Indeed, even though they share many similar interests in securing the election of Republican candidates, the existing Intervenor-Defendants do not share, much less represent, Mr. Marino's personal interest in receiving compensation for his Board of Supervisors service. And the original named Defendants also do not adequately represent Mr. Marino's interests, as several "have explicitly expressed an interest in not participating in the defense of" the date requirement.  ECF No. 167 at 10.  The Court should grant intervention of right.

## II. ALTERNATIVELY, THE COURT SHOULD GRANT MR. MARINO PERMISSIVE INTERVENTION

Mr. Marino's right to intervene in this case is clear, but even if it were not, the Court should still grant him permissive intervention.  Rule 24(b) provides for permissive intervention where a party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Intervention under Rule 24(b) is a "highly discretionary decision" left to the Court's judgment.  *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992); *accord*

*Harris*, 820 F.2d at 597.   In exercising its broad discretion under this Rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights.   Fed. R. Civ. P. 24(b)(3).

Mr. Marino checks each box for permissive intervention.   *First*, his motion is timely for all the reasons explained above.   *See supra* Part I.A.

*Second*, Mr. Marino will raise arguments and defenses of the date requirement that share many "common" questions with the parties' claims and defenses.   Fed. R. Civ. P. 24(b)(1)(B).   Plaintiffs contend that the Date Requirement is unlawful under the federal materiality provision.   Mr. Marino disagrees and seeks to vigorously appeal the Court's judgment.

*Finally*, Mr. Marino's intervention will not delay this case or prejudice the parties.   Mr. Marino expressly adopts Appellants' motion for a stay, so intervention will impose no additional delay on the stay proceedings and the appeal.   Further, Mr. Marino will follow any schedule for the appeal, and allowing intervention would prevent any piecemeal litigation or appellate proceedings.

# CONCLUSION

The Court should grant Mr. Marino intervention of right or, in the alternative, permissive intervention by December 15, 2023, and no later than its ruling on his motion for stay pending appeal.

Dated:  December 7, 2023

Respectfully submitted,

Kathleen A. Gallagher
THE GALLAGHER FIRM, LLC
436 Seventh Ave., 31st Floor
Pittsburgh, PA 15219
(412) 717-1900
kag@gallagherlawllc.com

Thomas W. King, III
Thomas E. Breth
DILLON, MCCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
(724) 283-2200
tking@dmkcg.com
tbreth@gmkcg.com

/s/ John M. Gore
John M. Gore
  *Counsel of Record*
E. Stewart Crosland
Louis J. Capozzi, III
Ryan M. Proctor
JONES DAY
51 Louisiana Ave. NW
Washington, DC  20001
(202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

# COMBINED CERTIFICATIONS

1.    Pursuant to Third Circuit L.A.R. 28.3(d), at least one of the attorneys whose names appear on this motion, including the undersigned, is a member in good standing of the bar of this Court.

2.    This brief complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,887 words.  This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced 14-point serif font (Century Schoolbook Std), using Microsoft Word.

3.    Pursuant to Third Circuit L.A.R. 31.1(c), Microsoft Safety Scanner version 1.387.711.0 has been run on this electronic file and no virus was detected.

Dated: December 7, 2023          */s/* John M. Gore
                                 John M. Gore
                                 *Counsel for Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2023, this motion and appendix were electronically filed with the Clerk of Court using the appellate CM/ECF system. Service on counsel for all parties in the district court has been accomplished via notice filed through the district court's CM/ECF system attaching a copy of this filing.

Dated: December 7, 2023

*/s/* John M. Gore
John M. Gore
*Counsel for Intervenor-Defendants*

**ADDENDUM**

# TABLE OF CONTENTS

**Page**

Declaration of Richard Marino ......................................................ADD.1

Petition, *In Re*: *Contest of Nov. 7, 2023 Election of Towamencin Township Supervisor*, No. 2023-26306 (Ct. Comm. Pls. of Mont. Cty.).............................................................................ADD.3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 1:22-cv-00339 |
| v. | ) ) | Judge Susan P. Baxter |
| AL SCHMIDT, *et al.*, | ) ) | |
| Defendants. | ) | |

## DECLARATION OF RICHARD MARINO

Pursuant to 28 U.S.C. § 1746, I, Richard Marino, declare as follows:

1.      I am over the age of 18 and am otherwise competent to testify.

2.      I have personal knowledge of the matters in this declaration.

3.      I am currently the Vice Chairman of the Towamencin Township Board of Supervisors ("Board of Supervisors").

4.      I have been an active member of the Board of Supervisors since 2018 and of the Towamencin Municipal Authority since 2016.

5.      I am a member of the Republican Party of Pennsylvania.

6.      I was the Republican nominee for reelection to the Board of Supervisors in the November 7, 2023 general election.

7.      After all ballots were counted under the rules in effect on election day, I led my Democratic challenger, Kofi Osei, in the vote total by 4 votes.

8.      This Court issued its order two weeks after election day and two weeks after voters had cast their ballots.

9.      Invoking this Court's order, on Monday, November 27, the Montgomery County

1

**ADD.1**

Board of Elections counted in my race 6 ballots that did not comply with the date requirement.

10.     Including those ballots in the vote total resulted in a tie between Mr. Osei and me.

11.     The Montgomery County Board of Elections convened a casting of lots to choose a winner on November 30, 2023.

12.     The Montgomery County Board of Elections declared Mr. Osei the winner by lot.

13.     In other words, this Court's order issued two weeks after Election Day 2023 changed the apparent outcome of my race.

14.     I intend to exercise my rights to contest that outcome under Pennsylvania law.

15.     My current term of office ends on December 31, 2023.  Absent a stay or a change in the apparent outcome caused by the Court's order, Mr. Osei will be sworn into office on January 2, 2024.

16.     Any delay in, or denial of, my taking the office to which Towamencin Township voters elected me under the rules in effect on election day irreparably harms me.  Any such delay or denial denies me of the opportunity to serve in office, to participate in official business of the Board of Supervisors, and to advocate, vote for, and implement the policies the voters elected me to support.  Any such delay or denial also deprives me of the compensation that I am entitled to receive as a member of the Board of Supervisors.  *See* Towamencin Code art. I, § 2-1.

17.     I declare under penalty of perjury that the foregoing is true and correct.

Date:  12-1-2023                            _____
                                            Richard Marino

ADD.2

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Montgomery _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No: **2023-26306** |

*TIME STAMP*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☐ Writ of Summons
- ☒ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: In re: Contest of November 7, 2023 Election | Lead Defendant's Name: |
|---|---|

**Are money damages requested?** ☐ Yes  ☒ No

Dollar Amount Requested: (check one)  ☐ within arbitration limits  ☐ outside arbitration limits

**Is this a _Class Action Suit_?** ☐ Yes  ☒ No

**Is this an _MDJ Appeal_?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: Britain R. Henry, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your _PRIMARY CASE._ If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: Election Law Matter

2023-26306-0000   12/4/2023 8:53 AM # 14195314
Rcpt#2023-6-01903  Fee:$289.50  Petition
Main (Public)
MontCo Prothonotary

*Updated 1/1/2011*

**ADD.3**



GOLDSTEIN LAW PARTNERS, LLC                    *Attorneys for Petitioners*
Britain R. Henry, Esq.
Attorney I.D # 314279
Jonathan S. Goldstein, Esq.
Attorney I.D # 201627
11 Church Road
Hatfield, PA 19440
(610) 949-0444

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
### PENNSYLVANIA

| | |
|---|---|
| **IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR** : | **NO.:** 2023-26306 **ELECTION LAW MATTER** |
| : | |
| **Petition of Shannon L. Main, Michael E. Main,** : | |
| **Cynthia M. Manero, Kris A. Kazmar, Janella J.** : | |
| **Santiago, Scott E. Pickford, Beth Pickford,** : | |
| **Richard Mullen, Richard D. Costlow, Joseph F.** : | Montgomery Co Prothonotary |
| **Meehan, Michael Secoda, Kelly L. Secoda,** : | DEC 4 '23 AM 9:20 |
| **George H. Frisch, Nancy J. Becker, Leo F.** : | |
| **Horcher III, Alyson  Horcher, Holly A. Bechtel,** : | |
| **Margrit D. Marino, David Allen Brady,** : | |
| **Kathryn J. Marger, Bruce C. Marger,** : | |
| **Bruce R. Marger III, Thomas A. Nuss, Karen L.** : | |
| **Nuss, Delyne D. Rogiani, Earl G. Godshall,** : | |
| **Marilyn Godshall, Kristin R. Warner, Kevin M.** : | |
| **Rossi, Nicole M. Rossi,** *et. al.* : | |

## PETITION FOR  ELECTION CONTEST
### *Or in the alternative,* **PETITION FOR ELECTION CONTEST** *NUNC PRO TUNC*

Pursuant to Article XVII of the Pennsylvania Election Code, 25 P.S. § 3291, § 3431, and §

3456 *et. seq.*, the seventy-three (73) Petitioners identified herein, by and through their attorneys,

Goldstein Law Partners, LLC respectfully submit this Petition for Election Contest for

Towamencin Township Supervisor and, in support thereof, aver as follows:

    1.    The Petitioners are as follows:

        a.  Petitioner, Shannon L. Main, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1740 Old Morris Rd.,

Harleysville, Pa 19438, who cast a vote at the November 7, 2023 General Election.

b.  Petitioner, Michael E. Main, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1740 Old Morris Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

c.  Petitioner, Cynthia M. Manero, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1866 Rampart Lane, Landale, PA 19446, who cast a vote at the November 7, 2023 General Election.

d.  Petitioner, Kris A. Kazmar, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2315 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

e.  Petitioner, Janella J. Santiago, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2315 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

f.  Petitioner, Scott E. Pickford, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2305 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

g.  Petitioner, Beth Pickford, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2305 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

h.  Petitioner, Richard Mullen, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 8 Farm Way, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

i.  Petitioner, Richard D. Costlow, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2080 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

j.  Petitioner, Joseph F. Meehan, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2117 Kriebel Rd., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

k.  Petitioner, Michael Secoda, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2075 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

l.  Petitioner, Kelly L. Secoda, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2075 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

m.  Petitioner, George H. Frisch, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 305 Monroe Dr., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

n.  Petitioner, Nancy J. Becker, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1798 Meadow Glen Dr., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

o.  Petitioner, Leo F. Horcher III, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2079 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

p.  Petitioner, Alyson Horcher, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2079 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

q.  Petitioner, Holly A. Bechtel, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2130 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

r.  Petitioner, Margrit D. Marino, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1175 Boyd Ave., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

s.  Petitioner, David Allen Brady, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1950 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

t.  Petitioner, Kathryn J. Marger, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1005 Thorndale Dr., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

u.  Petitioner, Bruce C. Marger, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1005 Thorndale Dr., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

v. Petitioner, Bruce R. Marger III, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1860 Old Morris Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

w. Petitioner, Thomas A. Nuss, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1925 Kulp. Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

x. Petitioner, Karen L. Nuss, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1925 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

y. Petitioner, Delyne D. Rogiani, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1950 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

z. Petitioner, Earl G. Godshall, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2145 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

aa. Petitioner, Marilyn Godshall, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2145 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

bb. Petitioner, Kristin R. Warner, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1780 Old Morris Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

cc. Petitioner, Kevin M. Rossi, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1223 Anders Rd., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

dd. Petitioner, Nicole M. Rossi, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1223 Anders Rd., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

ee. For judicial economy, Petitioners incorporate herein by reference the full list of seventy-three (73) Petitioners attached hereto as Exhibit "A."

2.    A petition raising an election contest for a township supervisor contest must be

made and filed within twenty days after the date of the election, must contain the names of 20

petitioners, and must be verified by the affidavits of at least five of the petitioners. 25 P.S. §§ 3456-58.

3.      Petitioners acknowledge this Petition is filed more than 20 days after the election in question. However, as set forth in detail herein, the candidate petitioners voted for received the highest number of votes under the rules in effect on Election Day and, thus, the Montgomery County Board of Elections ("the Board") was required to certify him as the winner. Petitioners therefore had nothing to contest and no basis to seek judicial relief within 20 days of the election. That changed 23 days after the election—after the Election Code's deadline for the Board to certify the result—when the Board purported to declare another candidate the winner under a different set of rules, in contravention of the Election Code and the plain and binding directive of the Pennsylvania Supreme Court.

4.      Petitioners therefore contend that in light of the unique facts of the matter and the Board's illegal actions, the Petition is timely filed or, in the alternative, should be permitted *nunc pro tunc.*[1]

5.      A petition contesting the results of an election shall concisely set forth the cause of complaint, showing wherein it is claimed that the primary or election is illegal. 25 P.S. § 3456.

6.      Contested elections of a township supervisor "shall be tried and determined upon petition of twenty registered electors, as hereinafter provided by the court of common pleas of the county in which such contested election was held." 25 P.S. § 3431.

---

[1] *See In re Twenty-Sixth Election Dist., Second Ward, Borough of Lehighton*, 41 A.2d 657 (Pa. 1945) (The error of the election board caused the results of the election to be incorrectly reported and, thus, the only way to correct the error was to allow an appeal *nunc pro tunc.*); "We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc.*" *In re Canvass of Absentee Ballots of November 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004).

7.      Because the contested township supervisor election was held in Montgomery County, this Court has jurisdiction over this election contest. *Id.*

8.      On November 7, 2023, a General Election was held, *inter alia*, for Towamencin Township Supervisor (the "Election").

9.      The candidates for Towamencin Township Supervisor in the November 7, 2023 General Election were Richard Marino ("Marino") and Kofi Osei ("Osei").

10.     Under the rules in effect on Election Day—and under which Towamencin Township voters cast their ballots and voted—Marino prevailed, receiving 4 more votes than Osei. *See* Screenshot of Montogomery County Unofficial Results attached hereto as Exhibit "B."

11.     Pursuant to 25 Pa. Stat. § 3154(f), the Montgomery County Board of Elections ("Board") was required to submit the unofficial results to the Secretary of the Commonwealth no later than 5 p.m. on November 14, 2023.

12.     Upon information and belief, the Board complied with § 3154(f) and submitted the unofficial results to the Secretary of the Commonwealth declaring Marino the winner of the Election.

13.     Upon information and belief, the Board completed the canvassing of all ballots and final computation of ballots on November 15, 2023.

14.     Five days after the completion of the computation of votes, and there having been no petition for a recount or recanvass filed, the county board **shall**[2] certify the returns so computed

---

[2] *See In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election, Appeal of Pierce*, 843 A.2d 1223, 1231 (Pa. 2004) ("The word 'shall' carries an imperative or mandatory meaning."); *see also In re Canvass of Absentee and Mail-In Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058, 1084 (Pa. 2020) (Wecht, J., concurring in part and dissenting in part) ("shall means *shall*" (emphasis in original)).

and issue certificates of election to the successful candidates. *See* 25 Pa. Stat. § 3154(f) (emphasis added).[3]

15.     Upon information and belief, no petitions for recount or recanvass were filed in the Election and therefore, on November 21, 2023, the Board was statutorily required to certify Marino as the winner of the Election. *Id.*

16.     Notwithstanding the aforementioned timing requirements, the Board disregarded its statutory duty and inexplicably scheduled its certification vote for November 22, 2023, a day after it was required to do so.

17.     In clear and direct violation of the Election Code's certification requirements, on November 22, 2023 the Board, relying upon the November 21, 2023 Order in *NAACP v. Schmidt*, 1:22-CV-339 (W.D. Pa.)[4], issued a statement postponing the certification so as to now canvass six (6) mail-in and absentee ballots it had previously rightly determined, per the laws of the Commonwealth, to be defective and void for lack of date or incorrectly dated. A true and accurate copy of the Board's November 22, 2023 press statement is attached hereto as Exhibit "D."

18.     "The Election Code commands absentee and mail-in electors to date the declaration that appears upon ballot return envelopes, and failure to comply with that command renders a ballot invalid as a matter of Pennsylvania law." *Ball v. Chapman*, 289 A.3d 1, 28 (Pa. 2023); *See also In re Canvass of Absentee & Mail-in Ballots of November 3, 2020 Gen. Election*, 241 A.3d 1058 (Pa. 2020) (Statutory requirement that absentee or mail-in ballot voter date and sign the voter declaration was not a minor irregularity which could be overlooked and thus, in

---

[3] "At the expiration of five (5) days after the completion of the computation of votes, in case no petition for a recount or recanvass has been filed in accordance with the provisions of this act,...the county board **shall** certify the returns so computed in said county in the manner required by this act... The county board **shall** thereupon, in the case of elections, issue certificates of election to the successful candidates..." 25 P.S. § 3154(f) (emphasis added)

[4] A true and accurate copy of the November 21, 2023 Order is attached hereto as Exhibit "C."

future elections, the omission of either item would be sufficient, without more, to invalidate the ballot in question. (Per concurring opinion of Wecht, J.))

19.    On November 27, 2023, the Board conducted an untimely, improper, post mandatory statutory certification canvassing of the defective mail-in and absentee ballots, whereupon the Board declared the Election a tie. *See Petition to Open Ballot Box of Oneida Dist. in E. Union Twp.*, 103 A.2d 652 (Pa. 1954) (County Board of Elections acted without authority when it changed the vote in an election district for the office of township supervisor after its official duty in respect thereof had become final without an appeal therefrom to the Court of Common Pleas.)[5]

20.    On November 30, 2023, pursuant to 25 P.S. § 3168, Marino and Osei drew lots, which resulted Osei being declared the "winner" of the Election, even though Marino had won the Election several days before.

21.    Under the laws of the Commonwealth at the time of the Election, Marino was the rightful and legitimate winner of the Election, fifteen days after the Election and two days beyond the certification deadline, the Board determined it would improperly reverse its prior adjudication and retroactively revive uncured[6] and invalid ballots, a relief not specifically set forth in the November 21, 2023 Order, and as a result, Marino was forced to draw lots and ultimately was

---

[5] "Unfortunately for the Election Board's contention in such regard, its power to open the ballot box of the Onieda district had expired before it ordered the recount on the petition of Calovine. More than five days had elapsed since the admitted completion of the computation of the votes and no petition for a recount or a recanvass of the vote in the Oneida district for the office of township supervisor had been filed. See Section 1404(f) of the Election Code, 25 P.S. § 3154(f)." *Id.* at 460.

[6] Upon information and belief, prior to the Election, and in clear recognition of the ballot's fatal defects, the Board notifies all voters with a defective mail-in or absentee ballot that their ballots are defective and will not be counted. However, if they cast a provisional ballot at their polling place on Election Day, their vote can be cured. Petitioners would posit that the Board's actions provided the voters of the defective ballots two opportunities to cast a ballot and when the voters failed, the Board corrected it for them.

illegally declared by the Board to have lost the Election, notwithstanding the fact that he won the Election several days earlier.

22.     This series of events demonstrates a complete contravention of the Election Code, the laws of the Commonwealth and the laws of the United States.

23.     As explained, the Pennsylvania Supreme Court in *Ball* held that the General Assembly's duly enacted date requirement is mandatory under Pennsylvania law. By an equally divided vote, the Pennsylvania Supreme Court upheld the date requirement against a challenge brought under the federal materiality provision, 52 U.S.C. § 10101(a)(2)(B). *Ball v. Chapman*, 284 A.3d 1189, 1192 (Pa. 2022); *see Ball*, 289 A.3d 1; *Bonner v. Chapman*, 298 A.3d 153, 167-68 (Pa. Comm. Ct. 2023).

24.     In conflict with the ruling of the Pennsylvania Supreme Court, the federal district court in its November 21, 2023 Order concluded that the date requirement is preempted by the federal materiality provision. The federal district court arrived at this conclusion even though, in a prior case, three Justices of the U.S. Supreme Court stated that a view of the Pennsylvania date requirement as immaterial "is very likely wrong." *Ritter v. Migliori*, 142 S. Ct. 1824, 1824 (2022) (Alito, J., dissenting from denial of application for stay).

25.     The plaintiffs in *PA NAACP* sought relief regarding the 2022 General Election and never sought relief regarding the 2023 General Election or the Election at issue here. The federal district court's November 21, 2023 Order therefore did not grant relief regarding the Election.

26.     Accordingly, the Board was bound to comply with the Election Code and the Pennsylvania Supreme Court's directive in *Ball*, not a federal district court's order related to a different election. The Board therefore acted contrary to law when it counted the six (6) noncompliant ballots and improperly declared Osei the winner.

27.     Moreover, the United States Supreme Court has repeatedly stated that federal courts ordinarily should not enjoin a state's election laws in the period close to an election.[7]

28.     "That principle—known as the ***Purcell*** principle—reflects a bedrock tenet of election law: When an election is close at hand, the rules of the road must be clear and settled. Late judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others. It is one thing for a State on its own to toy with its election laws close to a State's elections. But it is quite another thing for a federal court to swoop in and re-do a State's election laws in the period close to an election." *Merrill v. Milligan*, 142 S.Ct. 879, 880–81 (2022) (emphasis in the original)

29.     "Changing the rules in the middle of the game is bad enough," but changing the rules during the post-game tally risks "severely damag[ing] the electoral system on which our self-governance so heavily depends." *Republican Party of Pa. v. Degraffenreid*, 141 S. Ct. 732, 735 (2021) (Thomas, J., dissenting from denial of certiorari).

30.     In the case at hand, the Board improperly and illegally changed the outcome of Election by both 1) canvassing voided ballots, without authority and in direct defiance of the laws of the Commonwealth, based on the inapplicable post-election November 21, 2023 Order from a federal district court and 2) by failing to timely certify the correct unofficial results after completing computation as they were statutorily required to do. *See Ball v. Chapman*, 289 A.3d 1 (Pa. 2023); 25 Pa. Stat. § 3154(f).

31.     Attached hereto are the affidavits of sixteen (16) of the Petitioners stating that they believe the facts herein are true, that according to the best of their knowledge and belief that the

---

[7] *See Merrill v. People First of Ala.*, 141 S.Ct. 25, (2020); *Andino v. Middleton*, 141 S.Ct. 9 (2020); *Merrill v. People First of Ala.*, 141 S.Ct. 190, (2020); *Clarno v. People Not Politicians*, 141 S.Ct. 206, (2020); *Little v. Reclaim Idaho*, 140 S.Ct. 2616 (2020); *Republican National Committee v. Democratic National Committee*, 140 S.Ct. 1205 (2020) (*per curiam*); *Democratic National Committee v. Wisconsin State Legislature*, 141 S.Ct. 28 (2020).

election result reported by the Board was illegal, and the return thereof not correct, and that this petition is made in good faith. True and correct copies of the affidavits are attached hereto as Exhibit "E."

32.    Accordingly, Petitioners have probable cause to bring this action and have presented a *prima facie* case that an election contest is warranted.

33.    As required by 25 P.S. § 3459, Petitioners are prepared to file a bond, in an amount set by the Court, within five (5) days of the filing of this Petition, should it be determined that the Petitioners shall be adjudged liable to pay said costs.

34.    Petitioners are concerned electors and therefore respectfully request that the bond be set for a nominal dollar amount.

WHEREFORE, Petitioners respectfully request that this Honorable Court compel the Montgomery County Board of Elections to comply with the Election Code and laws of the Commonwealth of Pennsylvania and certify Richard Marino as the winner of November 7, 2023, General Election for Towamencin Township.

Respectfully submitted,

GOLDSTEIN LAW PARTNERS, LLC

Date:__ **12/1/2023**_____

Britain R. Henry, Esq.
Jonathan S. Goldstein, Esq.
*Attorneys for Petitioners*

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY**
**PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | **ELECTION LAW MATTER** |

## ORDER

AND NOW, this _____ day of December, 2023, upon review of the Petition for Election Contest filed in the above-captioned matter and the exhibits attached thereto, and under the power granted to this Court by 25 P.S. §§ 3431 and 3464, the Montgomery County Board of Elections is hereby directed that certification of the election results for Towamencin Township Supervisor shall be STAYED pending further Order of this Court.

BY THE COURT:

_____
                                                      J.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: CONTEST OF NOVEMBER** | : | |
| **7, 2023 ELECTION OF TOWAMENCIN** | : | **NO.:** |
| **TOWNSHIP SUPERVISOR** | : | **ELECTION LAW MATTER** |

<u>**ORDER**</u>

AND NOW, this _____ day of December, 2023, upon review of the Petition for Election

Contest filed in the above-captioned matter and the exhibits attached thereto, Petitioners shall, on

or before December ____, 2023, post a bond in the amount of $_____, signed by at

least five of the said petitioners, conditioned for the payment of all costs which may accrue in said

contested election proceeding.

BY THE COURT:

_____
                                                    J.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY**
**PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | **NO.:** |
| TOWNSHIP SUPERVISOR | : | **ELECTION LAW MATTER** |

## ORDER

AND NOW, this _____ day of December, 2023, upon review of the Petition for Election Contest filed in the above-captioned matter and the exhibits attached thereto, a hearing is scheduled for the ____ day of December, 2023, at _____ a.m./p.m. in Courtroom ____. It is hereby ordered that:

1) A rule is issued upon respondent to show cause why Petitioners are not entitled to the relief requested;

2) The respondent shall answer the Petition at the time fixed for hearing; and

3) Notice of the entry of this order shall be provided to all parties by the Petitioners.

BY THE COURT:

_____
J.

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| _Bt. Hay_____ | __12/1/2023_____ |
| Signature of Attorney | Date |

BRITAIN R. HENRY
ID. NO. 314279
TEL:  610-949-0444
bhenry@goldsteinlp.com

# EXHIBIT "A"

2023-26306-0000   12/4/2023 8:53 AM  # 14195315
Rcpt#2023-6-01903  Fee:$289.50  Petition
Exhibit A (Public)
MontCo Prothonotary

| | | |
|---|---|---|
| Shannon L. | Main | 1740 Old Morris Rd Harleysville Pa 19438 |
| Michael E. | Main | 1740 Old Morris Rd Harleysville Pa 19438 |
| Cynthia M. | Manero | 1866 Rampart Lane Lansdale Pa 19446 |
| Kris A. | Kazmar | 2315 Old Forty Foot Road, Harleysville, PA 19438 |
| Janella J. | Santiago | 2315 Old Forty Foot Road, Harleysville, PA 19438 |
| Scott E. | Pickford | 2305 Old Forty Foot Road, Harleysville, PA 19438 |
| Beth | Pickford | 2305 Old Forty Foot Road, Harleysville, PA 19438 |
| Richard | Mullen | 8 Farm Way, Harleysville, PA 19438 |
| Richard D. | Costlow | 2080 Parkview Drive Lansdale PA 19446 |
| Joseph F. | Meehan | 2117 Kriebel Rd Lansdale Pa 19446 |
| Michael | Secoda | 2075 Parkview Drive Lansdale PA 19446 |
| Kelly L. | Secoda | 2075 Parkview Drive Lansdale PA 19446 |
| George H. | Frisch | 305 Monroe Dr, Harleysville PA 19438 |
| Nancy J. | Becker | 1798 Meadow Glen Dr., Lansdale Pa 19446 |
| Leo F. | Horcher III | 2079 Parkview Drive Lansdale PA 19446 |
| Alyson | Horcher | 2079 Parkview Drive Lansdale PA 19446 |
| Holly A. | Bechtel | 2130 Kulp Rd Harleysville Pa 19438 |
| Margrit D. | Marino | 1175 Boyd Ave Lansdale Pa 19446 |
| David Allen | Brady | 1950 Kulp Rd Harleysville Pa 19438 |
| Kathryn J. | Marger | 1005 Thorndale Dr Lansdale Pa 19446 |
| Bruce C. | Marger | 1005 Thorndale Dr. Lansdale Pa 19446 |
| Bruce R. | Marger III | 1860 Old Morris Rd Harleysville Pa 19438 |
| Thomas A. | Nuss | 1925 Kulp Rd., Harleysville Pa 19438 |
| Karen L. | Nuss | 1925 Kulp Rd., Harleysville Pa 19438 |
| Delyne D. | Rogiani | 1950 Kulp Rd., Harleysville Pa 19438 |
| Earl G. | Godshall | 2145 Kulp Rd., Harleysville Pa 19438 |
| Marilyn | Godshall | 2145 Kulp Rd., Harleysville Pa 19438 |
| Kristin R. | Warner | 1780 Old Morris Rd., Harleysville Pa 19438 |
| Kevin M. | Rossi | 1223 Anders Rd., Lansdale, PA 19446 |
| Nicole M. | Rossi | 1223 Anders Rd., Lansdale, PA 194446 |
| Donald P. | Reimer | 1140 Nash Ave.. Lansdale, PA  19446 |
| Diana M. | Reimer | 1140 Nash Ave.. Lansdale, PA  19446 |
| William X. | Farmer | 1975 Kulp Rd, Harleysville PA 19438 |
| Peter N. | Hanson | 1995 Springer Rd, Harleysville PA 19438 |
| Aimee N. | Hanson | 1995 Springer Rd, Harleysville PA 19438 |
| Michael G. | Lewis | 109 Madison Way, Lansdale Pa 19446 |
| Richard Todd | Fisher | 422 Militia Drive, Lansdale Pa 19446 |
| Robert C. | Lebrocq | 2045 Eagle Way, Hatfield Pa 19440 |
| Elizabeth A. | Meehan | 2117 Kriebel Rd., Lansdale Pa 19446 |
| William J. | Dauphinee | 2070 Spring Valley Rd., Lansdale Pa 19446 |
| Karen M. | Dauphinee | 2070 Spring Valley Rd., Lansdale Pa 19446 |
| Peter | Andolino | 2325 Old Forty Foot Road, Harleysville, PA 19438 |
| Michelle | Andolino | 2325 Old Forty Foot Road, Harleysville, PA 19438 |
| Gina | Bernitt | 27 Saratoga Lane, Harleysville, PA 19438 |
| Charles J. | Bernitt | 27 Saratoga Lane, Harleysville, PA 19438 |
| Jill L. | Mullen | 8 Farm Way, Harleysville, PA 19438 |
| Cody R. | Mullen | 8 Farm Way, Harleysville, PA 19438 |

# EXHIBIT "B"

2023-26306-0000  12/4/2023 8:53 AM  # 14195316
Rcpt#2023-6-01903  Fee:$289.50  Petition
Exhibit B (Public)
MontCo Prothonotary

## Towamencin Township Supervisor (Vote for 1)

Precincts Reported: 9 of 9 (100.00%)

| | | Election Day | Mail-in | Provisional | Total | |
|---|---|---|---|---|---|---|
| Times Cast | | 4,451 | 1,848 | 28 | 6,327 / 13,193 | 47.96% |

| Candidate | Party | Election Day | Mail-in | Provisional | Total | |
|---|---|---|---|---|---|---|
| Kofi Osei | DEM | 1,781 | 1,234 | 15 | 3,030 | |
| Richard Marino | REP | 2,493 | 533 | 8 | 3,034 | |
| Write-in | | 8 | 5 | 0 | 13 | |
| Total Votes | | 4,282 | 1,772 | 23 | 6,077 | |
| | | Election Day | Mail-in | Provisional | Total | |



# EXHIBIT "C"



2023-26306-0000  12/4/2023 8:53 AM # 14195317
Rcpt#2023-6-01903  Fee:$289.50  Petition
Exhibit C (Public)
MontCo Prothonotary



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

PENNSYLVANIA STATE CONFERENCE )
OF THE NAACP,  LEAGUE OF WOMEN )
VOTERS OF PENNSYLVANIA, )
PHILADELPHIANS ORGANIZED TO )
WITNESS, EMPOWER AND REBUILD, )
COMMON CAUSE PENNSYLVANIA, )
BLACK POLITICAL EMPOWERMENT )
PROJECT,  MAKE THE ROAD )
PENNSYLVANIA, MARLENE G. )
GUTIERREZ, BARRY M. SEASTEAD, )
AYNNE MARGARET PLEBAN )
POLINSKI, LAURENCE M. SMITH, JOEL )
BENCAN, )

        Plaintiffs, )

    vs. )

AL SCHMIDT, IN HIS OFFICIAL )
CAPACITY AS ACTING SECRETARY OF )
THE COMMONWEALTH, ADAMS )
COUNTY BOARD OF ELECTIONS, )
ALLEGHENY COUNTY BOARD OF )
ELECTIONS, ARMSTRONG COUNTY )
BOARD OF ELECTIONS, BEAVER )
COUNTY BOARD OF ELECTIONS, )
BEDFORD COUNTY BOARD OF )
ELECTIONS, BERKS COUNTY BOARD )
OF ELECTIONS, BRADFORD COUNTY )
BOARD OF ELECTIONS, BLAIR )
COUNTY BOARD OF ELECTIONS, )
BUCKS COUNTY BOARD OF )
ELECTIONS, BUTLER COUNTY BOARD )
OF ELECTIONS, CAMBRIA COUNTY )
BOARD OF ELECTIONS, CAMERON )
COUNTY BOARD OF ELECTIONS, )
CARBON COUNTY BOARD OF )
ELECTIONS, CENTRE COUNTY BOARD )
OF ELECTIONS, CHESTER COUNTY )
BOARD OF ELECTIONS, CLARION )
COUNTY BOARD OF ELECTIONS, )

**CASE NO. 1:22-CV-00339**

**HON. SUSAN PARADISE BAXTER**
**UNITED STATES DISTRICT JUDGE**

1

CLEARFIELD COUNTY BOARD OF
ELECTIONS, CLINTON COUNTY
BOARD OF ELECTIONS, COLUMBIA
COUNTY BOARD OF ELECTIONS,
CRAWFORD COUNTY BOARD OF
ELECTIONS, CUMBERLAND COUNTY
BOARD OF ELECTIONS, DAUPHIN
COUNTY BOARD OF ELECTIONS,
DELAWARE COUNTY BOARD OF
ELECTIONS, ELK COUNTY BOARD OF
ELECTIONS, ERIE COUNTY BOARD OF
ELECTIONS, FAYETTE COUNTY
BOARD OF ELECTIONS, FOREST
COUNTY BOARD OF ELECTIONS,
FRANKLIN COUNTY BOARD OF
ELECTIONS, FULTON COUNTY BOARD
OF ELECTIONS, GREENE COUNTY
BOARD OF ELECTIONS, HUNTINGDON
COUNTY BOARD OF ELECTIONS,
INDIANA COUNTY BOARD OF
ELECTIONS, JEFFERSON COUNTY
BOARD OF ELECTIONS, JUNIATA
COUNTY BOARD OF ELECTIONS,
LACKAWANNA COUNTY BOARD OF
ELECTIONS, LANCASTER COUNTY
BOARD OF ELECTIONS, LAWRENCE
COUNTY BOARD OF ELECTIONS,
LEBANON COUNTY BOARD OF
ELECTIONS, LEHIGH COUNTY BOARD
OF ELECTIONS, LUZERNE COUNTY
BOARD OF ELECTIONS, LYCOMING
COUNTY BOARD OF ELECTIONS,
MCKEAN COUNTY BOARD OF
ELECTIONS, MERCER COUNTY BOARD
OF ELECTIONS, MIFFLIN COUNTY
BOARD OF ELECTIONS, MONROE
COUNTY BOARD OF ELECTIONS,
MONTGOMERY COUNTY BOARD OF
ELECTIONS, MONTOUR COUNTY
BOARD OF ELECTIONS,
NORTHAMPTON COUNTY BOARD OF
ELECTIONS, NORTHUMBERLAND
COUNTY BOARD OF ELECTIONS,
PERRY COUNTY BOARD OF
ELECTIONS, PHILADELPHIA COUNTY
BOARD OF ELECTIONS, PIKE COUNTY

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

BOARD OF ELECTIONS, POTTER )
COUNTY BOARD OF ELECTIONS, )
SCHUYLKILL COUNTY BOARD OF )
ELECTIONS, SNYDER COUNTY BOARD )
OF ELECTIONS, SOMERSET COUNTY )
BOARD OF ELECTIONS, SULLIVAN )
COUNTY BOARD OF ELECTIONS, )
SUSQUEHANNA COUNTY BOARD OF )
ELECTIONS, TIOGA COUNTY BOARD )
OF ELECTIONS, UNION COUNTY )
BOARD OF ELECTIONS, VENANGO )
COUNTY BOARD OF ELECTIONS, )
WARREN COUNTY BOARD OF )
ELECTIONS, WASHINGTON COUNTY )
BOARD OF ELECTIONS, WAYNE )
COUNTY BOARD OF ELECTIONS, )
WESTMORELAND COUNTY BOARD OF )
ELECTIONS, WYOMING COUNTY )
BOARD OF ELECTIONS, YORK )
COUNTY BOARD OF ELECTIONS, )
    Defendants. )

## ORDER

AND NOW, this 21st day of November 2023;

IT IS HEREBY ORDERED that the following fifty-five county boards of elections be

dismissed from this action as no Plaintiff has established standing against them: Adams County,

Armstrong County, Beaver County, Bedford County, Blair County, Bradford County, Butler

County, Cambria County, Cameron County, Carbon County, Centre County, Chester County,

Clarion County, Clearfield County, Clinton County, Columbia County, Crawford County,

Cumberland County, Dauphin County, Delaware County, Elk County, Erie County, Fayette

County, Forest County, Franklin County, Fulton County, Greene County, Huntingdon County,

Indiana County, Jefferson County, Juniata County, Lackawanna County, Lawrence County,

Lebanon County, Luzerne County, Lycoming County, McKean County, Mercer County, Mifflin

3

**ADD.26**

County, Monroe County, Montour County, Northumberland County, Perry County, Pike County,

Potter County, Schuylkill County, Snyder County, Somerset County, Sullivan County,

Susquehanna County, Tioga County, Union County, Venango County, Wayne County, and

Wyoming County. The Clerk of Court shall terminate these Defendants as parties to this action.

And it is further

ORDERED that the motion for summary judgment filed by Plaintiffs [ECF No. 274] is

granted in part and denied in part. The motion is granted insofar as:

- Defendant Warren County Board of Elections is hereby directed to open the November 2022 mail ballot envelope with the barcode associated with Barry Seastead, canvass the ballot contained therein, and amend the official vote counts to include his ballot;

- Defendant York County Board of Elections is hereby directed to open the November 2022 mail ballot envelopes with the barcodes associated with Aynne Margaret Pleban Polinski and Marlene Gutierrez, canvass the ballots contained therein, and amend the official vote counts to include their ballots; and

- Defendant Montgomery County Board of Elections is hereby directed to open the November 2022 mail ballot envelopes with the barcodes associated with Laurence Smith and Joel Bencan, canvass the ballots contained therein, and amend the official vote counts to include their ballots.

And it is further

ORDERED that a declaratory judgment is entered in favor of Plaintiffs declaring that

both (1) the rejection of timely submitted mail ballots based solely on the failure of a voter to

write a date at all next to the voter's signature on the return envelope; and (2) the rejection of

timely submitted mail ballots based solely on a determination that the date written by a voter on

the return envelope was "incorrect" violates the Materiality Provision of the Civil Rights Act of

1964, 52 U.S.C. § 10101(a)(2)(B). And it is further

4

**ADD.27**

ORDERED that the Secretary is permanently enjoined from directing all county boards of elections of the Commonwealth to segregate, reject, exclude, or in any way not count timely received mail ballots based on a voter's error or omission in relation to the date on the voter declaration on the mail ballot return envelope. And it is further

ORDERED that Plaintiffs' claim under the Equal Protection Clause of the Fourteenth Amendment is dismissed. And it is further

ORDERED that the motion for summary judgment filed by Defendant Lancaster County Board of Elections [ECF No. 267] is granted in part and denied in part. The motion is partially granted in regard to standing: the only Plaintiff who has standing against the Lancaster County Board is the League of Women Voters. All other claims by Plaintiffs against this Defendant are dismissed. The motion is denied in all other respects. And it is further

ORDERED that the motion for summary judgment filed by Defendant Berks County Board of Elections [ECF No. 269] is granted in part and denied in part. The motion is partially granted in regard to standing: the only Plaintiffs who have standing against the Berks County Board are NAACP and League of Women Voters. All other claims by Plaintiffs against this Defendant are dismissed. The motion is denied in all other respects. And it is further

ORDERED that the motion for summary judgment filed by Intervenor Defendants RNC [ECF No. 270] is denied.

The Clerk is directed to mark this case closed.

SUSAN PARADISE BAXTER
United States District Judge

5

ADD.28

EXHIBIT "D"

2023-26306-0000   12/4/2023 8:53 AM  # 14195398
Rcpt#2023-6-01903  Fee:$289.50  Petition
Exhibit D (Public)
MontCo Prothonotary

**2023 Press Releases**

Posted on: November 22, 2023

# MONTGOMERY COUNTY GENERAL ELECTION CERTIFICATION POSTPONED DUE TO COURT RULING

NORRISTOWN, PA—The Montgomery County Board of Elections is postponing the certification of the 2023 General Election due to yesterday's ruling of the United States District Court for the Western District of Pennsylvania.

The election certification, which was scheduled to happen on Wednesday, November 22, 2023, will be postponed to allow for the canvass and tabulation of undated and improperly dated mail-in ballots. The canvass and tabulation will begin on Monday, November 27 at 10 a.m. at the Montgomery County Voters Services Warehouse, located at 1006 W Washington St, Norristown, PA 19401. Canvassers will open up to 349 ballots that have missing or incorrectly dated envelopes, tabulate them, and include them in the official results for the election.

The court's ruling declared that not counting ballots with a missing or incorrect date violates federal law. "The provision protects a citizen's right to vote by forbidding a state actor from disqualifying a voter because of their failure to provide or error in providing some unnecessary information on a voting

## Tools

RSS

Notify Me

View Archived

## Categories

- All Categories
- Commerce
- Recorder of Deeds
- Health Department
- Parks, Trails, and Historic Sites
- Voters
- Sheriff
- DA - 2015 News Releases
- DA - 2016 News Releases
- Domestic Relations
- Planning
- DA - 2017 News Releases
- DA - 2018 News Releases
- 2019 Press Releases
- DA - 2019 News Releases
- HHS News
- 2020 Press Releases
- DA - 2020 News Releases
- DA - 2021 News Releases
- 2021 Press Releases

Select Language

Google Translate

ADD.30

application or ballot," Judge Susan Baxter wrote in her opinion. The court's order states that the missing or incorrect date is unnecessary information and thus should not affect a voter's eligibility to have their votes counted.

"In Montgomery County, we have consistently taken the position that the Election Code should be interpreted broadly in favor of voters' rights. All eligible voters should have their ballots counted," said **Kenneth E. Lawrence Jr., Chair of the Montgomery County Board of Elections**. "We will take the additional time needed to ensure that these ballots are included in the official results of the 2023 General Election."

After all eligible ballots have been counted, in accordance with the election code, the results will be posted for the five-day waiting period. The County will then certify the 2023 General Election.

The unofficial results of the 2023 General Election are available on the County's election results dashboard.

For more information about Montgomery County Voters Services, visit www.montgomerycountypa.gov/voters.

Media Contact:
megan.alt@montgomerycountyPA.gov

###

- 2022 Press Releases
- DA - 2022 News Releases
- Website News
- 2023 Press Releases
- DA - 2023 News Releases

⇐ **Previous**                    **Next** ⇒
MONTGOMERY           MONTGOMERY
COUNTY                      COUNTY ISSUES
ISSUES CODE              CODE BLUE COLD
BLUE COLD                 WEATHER
WEATHER                   DECLARATION FOR
DECLARATION            NOVEMBER 20 -
FOR                           21, 2023
NOVEMBER 24
- 25, 2023

## Other News in 2023 Press Releases

Google **Translate**

**ADD.31**

# EXHIBIT "E"



2023-26306-0000   12/4/2023 8:53 AM  # 14195399
Rcpt#2023-6-01903  Fee:$289.50  Petition
Exhibit E (Public)
MontCo Prothonotary

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA    )
                                        )  ss

COUNTY OF MONTGOMERY            )

I, _Shannon Main_, being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _Shannon Main_

Sworn to and subscribed before me on this

___ day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

**ADD.33**

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | )    ss |
| COUNTY OF MONTGOMERY | ) |

I, _Michael Main_, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _Michael Main_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

**ADD.34**

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR** | : : : | **NO.: ELECTION LAW MATTER** |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA )
                                      )    ss

COUNTY OF MONTGOMERY          )

I, *Cynthia M. Manero* being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: *Cynthia M Manero*

Sworn to and subscribed before me on this
1st day of December , 2023.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Jeanette I Braun Notary Public
Montgomery County
My Commission Expires 7/21/2027
Commission #1263800

**ADD.35**

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY**
**PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: CONTEST OF NOVEMBER** | : | |
| **7, 2023 ELECTION OF TOWAMENCIN** | : | **NO.:** |
| **TOWNSHIP SUPERVISOR** | : | **ELECTION LAW MATTER** |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA   )
                                   )   ss
COUNTY OF MONTGOMERY                )

I,   **KRIS A. KAZMAR**   being duly sworn, deposes and says:

1.     I am a Petitioner in the above-captioned matter.

2.     I am a registered elector of Towamencin Township.

3.     I voted in the General Election on November 7, 2023.

4.     I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.     The Petition for Election Conest is made in good faith.

6.     I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print:   **KRIS A. KAZMAR**

Sworn to and subscribed before me on this

**2** day of **December** , 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
ERIC BALIBAN - Notary Public
Montgomery County
My Commission Expires July 15, 2027
Commission Number 1291955

**ADD.36**

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA    )
                                )    ss
COUNTY OF MONTGOMERY            )

I, __JANELLA J. SANTIAGO__, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Janella J Santiago_

Print: _JANELLA J. SANTIAGO_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
ERIC BALIBAN - Notary Public
Montgomery County
My Commission Expires July 15, 2027
Commission Number 1291955

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | **NO.:** **ELECTION LAW MATTER** |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA )
                                      )   ss
COUNTY OF MONTGOMERY          )

I, _Scott Edward Pickford_, being duly sworn, deposes and says:

1.     I am a Petitioner in the above-captioned matter.

2.     I am a registered elector of Towamencin Township.

3.     I voted in the General Election on November 7, 2023.

4.     I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.     The Petition for Election Conest is made in good faith.

6.     I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Scott Edward Pickford_

Print: _Scott Edward Pickford_

Sworn to and subscribed before me on this

_1st_ day of _DECEMBER_, 2023.

_Erika Resendiz_
Notary Public

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Erika Rasendiz Notary Public
Montgomery County
My Commission Expires 04/19/2026
Commission # 1324616

**ADD.38**

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: **ELECTION LAW MATTER** |

## AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA ) 
             )   ss 
COUNTY OF MONTGOMERY     )

I, _Beth Pickford_, being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Beth Pickford_ 
Print: _Beth Pickford_

Sworn to and subscribed before me on this 

_2_ day of _December_, 2023.

_Fady T. Tawfiles_ 
Notary Public

Commonwealth of Pennsylvania · Notary Seal 
Fady E. Tawfiles, Notary Public 
Chester County 
My commission expires June 20, 2025 
Commission number 1253550 
Member, Pennsylvania Association of Notaries

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| IN RE: CONTEST OF NOVEMBER | : | |
|---|---|---|
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA ⟩

⟩ · ss

COUNTY OF MONTGOMERY ⟩

I, _R L A M l l_____, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _Richard Mullen_____

Sworn to and subscribed before me on this

_2_ day of _December___, 2023.

_____

Notary Public

Commonwealth of Pennsylvania - Notary Seal
SAMANTHA L MAILE - Notary Public
Montgomery County
My Commission Expires November 16, 2025
Commission Number 1410974

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

<u>**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**</u>

COMMONWEALTH OF PENNSYLVANIA )
                              ) ss
COUNTY OF MONTGOMERY )

I, *Richard Costlow*, being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: *[signature]*

Print: *Richard Costlow*

Sworn to and subscribed before me on this
\_\_\_ day of *December*, 2023.

*[signature]*
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: CONTEST OF NOVEMBER** | : | |
| **7, 2023 ELECTION OF TOWAMENCIN** | : | **NO.:** |
| **TOWNSHIP SUPERVISOR** | : | **ELECTION LAW MATTER** |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | ss |
| COUNTY OF MONTGOMERY | ) | |

I, _Joseph F. Meehan_, being duly sworn, deposes and says:

1.      I am a Petitioner in the above-captioned matter.

2.      I am a registered elector of Towamencin Township.

3.      I voted in the General Election on November 7, 2023.

4.      I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.      The Petition for Election Conest is made in good faith.

6.      I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Joseph F Mala_

Print: _Joseph F. Meehan_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_____

Notary Public

Commonwealth of Pennsylvania - Notary Seal
NATALIIA MELNYK - Notary Public
Montgomery County
My Commission Expires May 19, 2027
Commission Number 1435122

**ADD.42**

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

## AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | ss |
| COUNTY OF MONTGOMERY | ) | |

I, _Michael Secoda_ being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _Michael Secoda_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
SAMANTHA L MAILE - Notary Public
Montgomery County
My Commission Expires November 16, 2025
Commission Number 1410974

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

IN RE: CONTEST OF NOVEMBER    :
7, 2023 ELECTION OF TOWAMENCIN  :    NO.:
TOWNSHIP SUPERVISOR        :    ELECTION LAW MATTER

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA    )
                               )    ss
COUNTY OF MONTGOMERY            )

I, _Kelly Secoda_, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Kelly Secoda_

Print: _Kelly Secoda_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_Sammie Maile_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
SAMANTHA L MAILE - Notary Public
Montgomery County
My Commission Expires November 16, 2025
Commission Number 1410974

ADD.44

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA )
)  ss
COUNTY OF MONTGOMERY )

I, _GEORGE FRISCH_, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _George H. Frisch_

Print: _GEORGE FRISCH_

Sworn to and subscribed before me on this

_1_ day of _DECEMBER_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

**ADD.45**

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

IN RE: CONTEST OF NOVEMBER :
7, 2023 ELECTION OF TOWAMENCIN : NO.:
TOWNSHIP SUPERVISOR : ELECTION LAW MATTER

## AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA )

                       ) ss

COUNTY OF MONTGOMERY )

I, _Nancy J. Becker_____, being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct. 5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Nancy J Becker_____

. Print: _Nancy J. Becker_____

Sworn to and subscribed before me on this
2nd day of _December_____, 2023.

Notary Public

Commonwealth of Pennsylvania - Notary Seal
KEVIN M LOWRIE - Notary Public
Montgomery County
My Commission Expires Jan 7, 2024
Commission Number 1098235

ADD.46

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: ELECTION LAW MATTER |

**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**

COMMONWEALTH OF PENNSYLVANIA )
                                                         )   ss
COUNTY OF MONTGOMERY          )

I, _Alyson Horcher_, being duly sworn, deposes and says:

1.  I am a Petitioner in the above-captioned matter.

2.  I am a registered elector of Towamencin Township.

3.  I voted in the General Election on November 7, 2023.

4.  I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.  The Petition for Election Conest is made in good faith.

6.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Alyson Horcher_

Print: _12/2/23 Alyson Horcher_

Sworn to and subscribed before me on this

_2nd_ day of _December_, 2023.

_Amita Patel_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Amita Patel, Notary Public
Montgomery County
My commission expires September 4, 2024
Commission number 1375737
Member, Pennsylvania Association of Notaries

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
### PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA　　　)
　　　　　　　　　　　　　　　　　　　　) ss
COUNTY OF MONTGOMERY　　　　　　　　)

I, _Leo Horcher_, being duly sworn, deposes and says:

1.　　I am a Petitioner in the above-captioned matter.

2.　　I am a registered elector of Towamencin Township.

3.　　I voted in the General Election on November 7, 2023.

4.　　I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.　　The Petition for Election Conest is made in good faith.

6.　　I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _12/2/23 Leo Horcher_

Sworn to and subscribed before me on this

_2nd_ day of _December_, 2023.

_Amita Patel_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Amita Patel, Notary Public
Montgomery County
My commission expires September 4, 2024
Commission number 1375737
Member, Pennsylvania Association of Notaries

**ADD.48**