NO. 23-3166

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

PENNSYLVANIA CONFERENCE OF THE NAACP, *et al.,*

v.

MONTGOMERY COUNTY BOARD OF ELECTIONS, *et al.*

*Appellant.*

**On Appeal from the United States District Court for the Western District of Pennsylvania, Case No. 1:22-cv-00339**

**RESPONSE TO APPELLANTS' AND PROPOSED INTERVENOR'S EMERGENCY MOTION FOR A STAY**

Maureen Calder, Esq.
MONTGOMERY COUNTY
 SOLICITOR'S OFFICE
One Montgomery Plaza, #800
PO Box 311
Norristown, PA 19404
(610) 278-3033
Maureen.Calder@montgomerycountypa.gov

*Counsel for Appellee*

John A. Marlatt, Esq.
MONTGOMERY COUNTY
 SOLICITOR'S OFFICE
One Montgomery Plaza, #800
PO Box 311
Norristown, PA 19404
(610) 278-3033
John.Marlatt@montgomerycountypa.gov

*Counsel for Appellee*

# MONTGOMERY COUNTY'S BRIEF IN OPPOSITION TO INTERVENOR-DEFENDANT'S MOTION TO STAY

## INTRODUCTION

Appellant's and proposed Intervenor (Intervenor-Appellants') are asking this Court to stay the November 21, 2023 Order of Judge Baxter of the District Court for the Western District of Pennsylvania which held that the rejection of mail-in ballots[1] by local boards of elections was a violation of the Materiality Provision of the Civil Rights Act, specifically 52 U.S.C. § 10101(a)(2)(B)[2]. The grounds for their request are based on alleged harms and public interest claims that rely on arguments that are largely cobbled together from various concurrences and dissents that hold little to no persuasive or precedential value.

The Montgomery County Board of Elections, acting pursuant to a court order and prior to the official certification of the election by the Board of Elections, lawfully included 6 mail-in ballots in the canvass and tabulation of the November 7, 2023 General Election for the race of Towamencin Township Supervisor. After the inclusion of these ballots, a race between Richard Marino and Kofi Osei that

---

[1] Pennsylvania allows for registered electors to vote by absentee or no excuse mail-in ballot. For the purposes of this brief both of these categories will be referred to as mail-in balloting.
[2] This order is the latest in a multi-year series of litigation involving both federal and state courts. As this court is aware, this issue has come before it previously in *Migliori v. Cohen*, 26 F.4th 153, (3d. Cir. 2022) wherein this court held that the exclusion of undated or incorrectly dated ballots was a violation of the materiality clause. The

2

had been separated by a handful of votes, resulted in a tie. Pursuant to the Pennsylvania Election Code, the candidates drew lots. The result of that drawing awarded the victory to Mr. Osei. The Board of Elections voted to certify these results on December 4, 2023 and issued a certificate of election to Mr. Osei on December 8, 2023. Appellants', on behalf of Mr. Marino, now seek to allow for intervention and for a stay of the District Court decision. A stay should not be granted.

## STANDARD OF REVIEW

"The factors regulating the issuance of a stay are … : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The concurrence of Justice Kavanaugh in *Merril v. Milligan* opining that the traditional test does not apply in election matters has little precedential value and should be treated as such.

---

Pennsylvania Supreme Court remains deadlocked on whether this is a violation. *Ball v. Chapman*, 289 A.3d 1. (Pa. 2023).

3

Intervenor-Defendant's reliance on *Purcell v. Gonzalez* is misguided. What the Purcell decision envisions are changes made when an election is imminent, not a decision made post-election. "Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer that risk will increase." *Purcell v. Gonzalez*, 549 U.S. 1, 5 (2006). Post-election decisions do not bring with them the same risks of voter confusion or in causing people to not attempt to vote in an election. Proposed Intervenor-Appellants' point to *Trump v. Wis. Elections Comm'n* as evidence that the *Purcell* rule applies more forcefully on the backend of elections. See *Trump v. Wis. Elections Comm'n*, 983 F.3d 919 (7th Cir. 2020). The court in *Trump* was considering whether it was acceptable to allow a party to file for post-election relief when they had not initiated litigation prior to that point. The Intervenor-Appellants' in the present application are pursuing a stay largely due to the effect it may have on a Township Supervisor race in Montgomery County. Prior to this application for intervention the party this stay is meant to benefit had no involvement in any litigation regarding this election. The Court "*must* consider whether plaintiff's filed a timely pre-election request for relief. *Id.* at 925 citing *Teamsters & Emps. Welfare Tr. Of Ill. v. Gorman Bros.*

4

*Ready Mix*, 283 F.3d 877, 880 (7th Cir. 2002). "The [candidate] had a full opportunity before the election to press the very challenges… underlying his present claims. Having foregone that opportunity, he cannot now—after the election results have been certified as final—seek to bring those challenges." *Id*. at 926.

**ARGUMENT**

Intervenor-Appellants' satisfy none of the requirements for a stay. Public interest favors counting all valid votes and ensuring the winning candidate is able to take office in January of 2024. Any argument that the Declaratory Judgment from the District Court would undermine voter confidence in the integrity of future elections is, by its nature, purely speculative. Based on the prior history of this very issue with both the Supreme Court of the United States and this Court, the Intervenor-Appellants' are not likely to prevail on the merits of their appeal.

**I. THE PUBLIC INTEREST AND EQUITIES DO NOT FAVOR A STAY**

The public interest does not favor a stay of the District Court's decision. The public interest "favors permitting as many qualified voters to vote as possible."

5

*Obama for America v. Husted*, 697 F.3d 423, 438 (6th Cir. 2012). The lawful inclusion of ballots that had previously been excluded because of missing or incorrect dates benefits all eligible electors in the commonwealth of Pennsylvania, all of whom have a "strong interest in exercising the 'fundamental political right' to vote." *Purcell* at 4. Citing *Dunn v. Blumstein*, 405 U.S. 330, (S.Ct. 1972).

Granting a stay for even a brief period of time will negatively impact voters in Montgomery County as early as December 19, 2023.³ Indeed, "court orders affecting elections…can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase." *Id*. at 8. In *Purcell* the Supreme Court had to consider the effect of a change to the rules "just weeks before an election." *Id*. at 4. Thusly, the Court decided that it would be of the highest interest to allow the election to move forward without further confusion or disruption. The potential disruption to an upcoming election along with the disenfranchisement of eligible voters weigh heavily against granting a stay.

**II. A STAY DOES NOT AVOID SEVERE IRREPERABLE HARM**

---

⁶The North Penn School District, which lies mostly in Montgomery County and partially in Bucks County is scheduled to hold a special election to take on debt. That election involves 47 election districts and approximately

Granting a stay would fail to avoid irreparable harm to Intervenor-Appellants'. It would serve to create a greater harm on the voters of Montgomery County. Namely, attempting to disenfranchise eligible voters for the most recent and all future elections and place a candidate in office that is contrary to the will of the people and the proper procedures of Pennsylvania election law.

Additionally, a stay of the District Court order will not avoid harm as it will arguably not grant Intervenor-Appellants' the relief they seek. The Montgomery County Board of Elections voted to certify the results of the November 7, 2023 General Election on December 4, 2023. On December 8, 2023 the Board issued certificates of election to all winning candidates. It is longstanding law in Pennsylvania that "[a] return by the election officers that [a candidate] received a majority of the votes for a township office, is legal and *prima facie* evidence of his title to the office; and it can only be set aside by proceedings for a false return." *Commonwealth ex rel. Ross v. Baxter*, 35 Pa. 263, 263 (Pa. 1860). Regarding the irreparable harm alleged to be suffered by Intervenor-Appellants', a stay will not change the certification of election and issuance of a certificate of election. The remedy for the Towamencin

---

**7**0,000 registered voters. At the time of this filing the Board of Elections has already begun sending out Military and Overseas ballots, and plan to begin mailing mail-in ballots to voters who have applied On December 19, 2023.

Supervisor election lies solely in state court through a petition for election contest.[4] There is no irreparable harm that the granting of a stay will alleviate.

### III.  INTERVENOR-APPELANTS ARE NOT LIKELY TO SUCCEED ON THE MERITS.

This is not a question of first impression for this Court. In fact, this is the exact question this Court faced in *Migliori*.[5] In that now vacated decision, this Court held that "the dating provisions in 25 Pa. Cons. Stat. §§ 3146.6(a) are immaterial under §10101(a)(2)(B)." Intervenor-Appellants' place reliance on the dissent of Justice Alito stating this Court's holding was "very likely wrong." *Ritter v. Migliori*, 142 S.Ct. 1824, 1824. (2022). What they fail to include is that Justice Alito, in the very next sentence, admitted that he did "not rule out the possibility that further briefing and argument might convince me that my current view is unfounded." *Id*. at 1824. What this bears out is that Intervenor-Appellants' have shown only a possibility of success on the merits. It takes more than a possibility of success to grant a stay. *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, (9th Cir.

---

[4] A Petition to Contest the November 7, 2023 Towamencin Supervisor election was filed in the Montgomery County Court of Common Pleas on December 4, 2023. The petition was filed after the statutory deadline set in 25 P.S. § 8456, and was dismissed on December 7, 2023. *See* Exhibit A. Petitioners' filed a notice of appeal on December 12, 2023. *See* Exhibit B.

2003) (Although Plaintiffs showed possibility of success on merits of their claim that use, in California initiative and gubernatorial recall election, of "punch-card" balloting machines in counties with greater minority populations than counties using their own voting systems would violate Section 2 of the Voting Rights Act, they did not show a strong likelihood of success).

### IV.  ISSUANCE OF A STAY WILL INJURE OTHER PARTIES

As previously stated, other parties in this matter stand to suffer harm from a stay. Montgomery County voters who incorrectly date a mail-in ballot or who leave the date blank entirely will be wrongfully disenfranchised. The voters of Towamencin Township face the possibility of further confusion around the 2023 election as a stay could cause confusion and further pointless litigation regarding a race that has been clearly decided and certificates of election issued. Finally, further changes to the status of the law regarding undated and misdated ballots within weeks of an election that concerns approximately 70,000 Montgomery County voters could "result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer that risk will increase." *Purcell* at 5.

---

[5] *Migliori* was appealed to the United States Supreme Court. After granting certiorari the Court remanded the case to the Third Circuit Court of Appeals with instructions to dismiss the case as moot. *Ritter v. Migliori*, 143 S.Ct. 297 (2022).

## CONCLUSION

This Court should deny Intervenor-Appellants' motion for a stay of the District Court's order.

Dated: December 12, 2023                Respectfully submitted,

                                        */s/ Maureen Calder*
                                        Maureen Calder, Esquire
                                        Attorney ID No. 68055
                                        John Amos Marlatt, Esquire
                                        Attorney ID No. 210141
                                        Philip W. Newcomer, Esquire
                                        Attorney ID No. 60055
                                        One Montgomery Plaza, Suite 800
                                        P.O. Box 311
                                        Norristown, PA  19404-0311
                                        610-278-3033
                                        Maureen.calder@montgomerycountypa.gov
                                        John.marlatt@montgomerycountypa.gov

                                        Attorney for Defendant,
                                        Montgomery County Board of Elections