# NO. 23-3166

## IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

PENNSYLVANIA CONFERENCE OF THE NAACP, *et al.,*

v.

MONTGOMERY COUNTY BOARD OF ELECTIONS, *et al.*

*Appellee.*

**On Appeal from the United States District Court for the Western District of Pennsylvania, Case No. 1:22-cv-00339**

## APPELLEE MONTGOMERY COUNTY BOARD OF ELECTIONS' ANSWER TO MOTION TO INTERVENE OF RICHARD MARINO

Maureen E. Calder, Esq.
MONTGOMERY COUNTY
 SOLICITOR'S OFFICE
One Montgomery Plaza, #800
PO Box 311
Norristown, PA 19404
(610) 278-3033
Maureen.Calder@montgomerycountypa.gov

*Counsel for Appellee,
Montgomery County Board
of Elections*

John A. Marlatt, Esq.
MONTGOMERY COUNTY
 SOLICITOR'S OFFICE
One Montgomery Plaza, #800
PO Box 311
Norristown, PA 19404
(610) 278-3033
John.Marlatt@montgomerycountypa.gov

*Counsel for Appellee
Montgomery County Board
of Elections*

# MONTGOMERY COUNTY'S OPPOSITION BRIEF IN RESPONSE TO MOTION TO INTERVENE

## INTRODUCTION

Richard Marino is seeking to intervene, pursuant to Federal Rule of Civil Procedure Rule 24, in the appeal from an Order of Judge Baxter of the District Court for the Western District of Pennsylvania which held that the rejection of mail-in ballots[1] by local boards of elections was a violation of the Materiality Provision of the Civil Rights Act, specifically 52 U.S.C. § 10101(a)(2)(B)[2]. Mr. Marino is essentially seeking a different result in an election that has already been officially certified by the Montgomery County Board of Elections. However, this remedy is not available to Mr. Marino in this case even if he was able to establish a right to intervene. Movant's untimely motion to intervene should be denied because he has failed to meet the requirements for intervention as of right or permissive intervention.

---

[1] Pennsylvania allows for registered electors to vote by absentee or no excuse mail-in ballot. For the purposes of this brief both of these categories will be referred to as mail-in balloting.

[2] This order is the latest in a multi-year series of litigation involving both federal and state courts. As this court is aware, this issue has come before it previously in *Migliori v. Cohen*, 26 F.4th 153, (3d. Cir. 2022) wherein this court held that the exclusion of undated or incorrectly dated ballots was a violation of the materiality clause. The Pennsylvania Supreme Court remains deadlocked on whether this is a violation. *Ball v. Chapman*, 289 A.3d 1. (Pa. 2023).

## BACKGROUND

On November 4, 2022, this case commenced with the filing of a Complaint that alleged voters had been disenfranchised in the 2022 general election when their mail-in ballots were rejected by county boards of elections based on a failure to include the correct date on the envelope. On November 7, 2022, the Republican Committees moved to intervene that was granted by Judge Baxter. On November 21, 2023, Judge Baxter issued an Order ruling that a county board of elections could not refuse to county mail-in ballots based solely on the failure of the voter to include a date or "correct" date.

The Montgomery County Board of Elections, acting pursuant to a court order and prior to the official certification of the election by the Board of Elections, lawfully included 6 mail-in ballots in the canvass and tabulation of the November 7, 2023 General Election for the race of Towamencin Township Supervisor. After the inclusion of these ballots, a race between Richard Marino and Kofi Osei that had been separated by a handful of votes, resulted in a tie. Pursuant to the Pennsylvania Election Code, the candidates drew lots. The result of that drawing awarded the victory to Mr. Osei. The Board of Elections voted to certify these results on December 4, 2023 and issued a certificate of election to Mr. Osei on December 8, 2023. Mr. Marino now seeks to intervene in this matter.

# ARGUMENT

Four elements must be satisfied for intervention as of right to be proper: "(1) timely application; (2) sufficient interest in the litigation; (3) threat that the interest will be impaired or affected by the disposition of the case; and (4) inadequate representation of the prospective intervenor's interest by existing parties." *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018). It is the burden of the party seeking intervention to satisfy all four requirements. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005). The movant's failure to establish any factor will result in a denial of the motion to intervene. *Id.*

### Proposed Intervenor's Request for Intervention is Untimely

Timeliness of the movant's application is the threshold determination that must be made on a motion to intervene, whether by permission or of right. *Brody By and Through Sugzdinis v. Spang,* 957 F.2d 1108, 1115 (3d Cir.1992); *In Re Fine Paper Antitrust Litigation,* 695 F.2d 494, 500 (1982). The Third Circuit Court of Appeals has consistently articulated three factors that must be weighed when considering the timeliness of a motion to intervene. Specifically, the court must evaluate: 1) how far the proceedings have gone when the movant seeks to intervene; 2) prejudice which resultant delay might cause to other parties; and 3)

the reason for the delay. *In Re Fine Paper Antitrust Litigation,* 695 F.2d at 500; *Delaware Valley Citizens' Council v. Commonwealth of Pennsylvania,* 674 F.2d 970, 974 (1982); *Commonwealth of Pennsylvania v. Rizzo,* 530 F.2d 501, 506 (3d Cir.) *cert. denied,* 426 U.S. 921 (1976).

The Third Circuit Court of Appeals has held that "a motion to intervene after the entry of a decree should be denied [as untimely] except in *extraordinary circumstances.*" *In Re Fine Paper Antitrust Litigation,* 695 F.2d at 500 (quoting *Delaware Valley Citizen's Council for Clean Air,* 674 F.2d at 974) (emphasis added). In his brief, the Proposed Intervenor notes that "no statute or rule explicitly provides a standard for appellate intervention motions." Pg. 6. "This is because the stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 369–70 (3d Cir.1995). Clearly, the motion to intervene at the appellate level after this case has been fully litigated and decided at the District Court level is untimely. *Id*.

**Sufficiency of Interest in Litigation and Disposition's Effect on Interest**

To meet this prong of the test for intervention as of right, the legal interest asserted must be a cognizable legal interest, and not simply an interest of a general

and indefinite character. *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992). Therefore, the movant must demonstrate an interest that is "specific to [it], is capable of definition, and **will be directly affected in a substantially concrete fashion by the relief sought**." *Kleissleer v. United States Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998) (emphasis added). Given these standards, it is not surprising that "[t]he facts assume overwhelming importance in each decision." *Id.*

Movant contends that he has a personal interest in this litigation as the outcome would determine his re-election as a Board Supervisor in Towamencin Township. However, this is not the proper court for movant to seek such a remedy and the outcome of the present appeal would not provide such a remedy.

Movant's remedies lie in the courts of the Commonwealth of Pennsylvania. Movant had three opportunities to seek relief that could be granted in state court. He failed to properly utilize any of these opportunities.

Initially, Movant could have appealed the decision of the Montgomery County Board of Elections to re-open tabulation and include the undated and incorrectly dated pursuant to Judge Baxter's November 21, 2023 Order. The Board, in anticipation of a decision that would affect these ballots, had segregated any mail-in ballots that were undated or incorrectly dated. The Board issued a press release on November 22, 2023 indicating that canvass and tabulation would

be re-opened to include these segregated ballots.[3] Representatives of the Republican and Democratic Parties were notified. Notice of the re-opening of the canvass was advertised in a paper of record from November 24, 2023 through November 26th. 25 P.S. § 3157 allows "any person aggrieved by any order of decision of any county board regarding the computation or canvassing of the returns of any primary or election, or regarding any recount or re-canvass thereof under sections 1701, 1702 and 1703 of this act, may appeal therefrom within two days after such order or decision shall have been made, whether then reduced to writing or not, to the court specified in this subsection, setting forth why he feels that an injustice has been done, and praying for such order as will give him relief…The court on an appeal shall have full power and authority to hear and determine all matters pertaining to any fraud or error committed in any election district to which such appeal relates, and to make such decree as right and justice may require. Pending such appeal, the county board shall suspend any official certification of the votes cast in such election district." There was no appeal of the Board's decision to reopen canvass and include the segregated mail-in ballots filed.

Canvass and tabulation of the additional ballots took place on Monday November 27, 2023 at the Voter Services Warehouse. Canvass and tabulation was

---

[3] [3] *See* Press Release, https://www.montgomerycountypa.gov/CivicAlerts.aspx?AID=4252.

then closed on November 28, 2023. At the close of canvass and tabulation the two candidates were tied at 3,155 votes each.

When an election ends in a tie, 25 P.S. § 3168 requires the candidates to cast lots to determine the winner of the race. After the casting of lots was conducted, Kofi Osei was declared the winner.

The Pennsylvania Election Code mandates that county boards wait at least 5 days between the close of canvass and tabulation and the official certification of election results to allow for any parties to file a petition for recount or recanvass. *See* 25 P.S. § 3154(f). If a petition is filed the board of elections is barred from certifying the results of the contested race until the petition is reviewed by the Court of Common Pleas, and if appropriate, a recount, as ordered by the court, is conducted. *See* Id. No one sought a recount or re-canvass. Accordingly, the Montgomery County Board of Elections certified the results of the election at approximately 12:30 p.m. December 4, 2023.

In addition to challenging the decision of the board, and petitioning for a recount or re-canvass, Movant could have timely filed an election contest petition. A petition for election contest must be made within 20 days of the election and "shall concisely set forth the cause of complaint, showing wherein it is claimed that the primary or election is illegal." 25 P.S. § 3456. The General Election was

held on November 7, 2023. Per the Election Code, the deadline to file a petition contest was November 27, 2023. An election contest petition was filed for the Towamencin Supervisor race on December 4, 2023. The Montgomery County Court of Common Pleas dismissed the petition on December 7, 2023.

The Montgomery County Board of Elections issued certificates of election to all winning candidates on December 8, 2023.

Movant had three remedies to pursue under state law. He did not properly do so. The 2023 General Election in Montgomery County has been certified, and the winning candidates have been issued certificates of election. There is no relief to be granted under state law. Movant's interests in this action are not sufficient. The remedy he seeks is in the state courts, and a failure on behalf of the Movant to avail himself of appropriate state remedies does not translate to a sufficient interest in this federal action.

**The Intervenor's Interests Have Been Represented by Existing Parties**

The movant's burden, however minimal after *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636, n. 10, 30 L.Ed.2d 686 (1972), is to show that his interests are not adequately represented by the existing parties. In order to discharge burden of showing that interests are not adequately represented by existing parties, applicant for intervention either may demonstrate

that its interests, though similar to those of existing party, are nevertheless sufficiently different that representative cannot give applicant's interests proper attention or applicant may establish collusion between representative and opposing party, or indication that representative has not been diligent in prosecuting litigation. Fed.Rules Civ.Proc. Rule 24(a)(2), (b)(2), 28 U.S.C.A.

The movant's desired outcome in the present case is the same as the appellants, i.e. that undated or misdated mail-in ballots should not be canvassed or counted by county boards of elections. With respect to all issues preserved and to be addressed by this Court, Appellants would be representing the position of Mr. Marino that the rejection of timely submitted undated or misdated mail-in ballots does not violate the Materiality Provision of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B).

In his Petition to Intervene, Mr. Marino states that he is seeking intervention to uphold free and fair elections on behalf of all Pennsylvanians. Movant's Motion at pg. 1. In its Petition to Intervene before Judge Baxter, the Appellants, the Republican Committees, asserted that it was entitled to intervene on "behalf of themselves as well as their voters, candidates, and volunteers" to uphold free and fair elections on behalf of all Pennsylvanians. Memorandum in Support of Republican Committees' Motion to Intervene, (ECF 30 at pgs. 1, 6, 11).

9

Appellants have themselves established that it was representing "Republican candidates up and down the ballot" in arguing that undated or misdated mail-in ballots should be rejected.

Mr. Marino would also be entitled to intervene despite identity of interest if he could establish that the representation of counsel for the appellants had been ineffectual or not diligent. However, Mr. Marino has the same counsel as the appellants and has not contended that appellants or their counsel failed to adequately set forth their position opposing counting undated or misdated mail-in ballots.

## Permissive Intervention Should be Denied

If this Court denies intervention as of right, the Movant alternatively seeks permissive intervention pursuant to Fed.R.Civ.P. 24(b). Permissive intervention is available upon timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." The rule further provides that in exercising its discretion as to whether to grant permissive intervention, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Mr. Marino's motion for permissive intervention should be denied based on the reasoning set for to deny the intervention as of right.

10

## CONCLUSION

This Court should deny Richard Marino's Motion to Intervene.

Dated: December 12, 2023            Respectfully submitted,

*/s/ Maureen Calder*
Maureen Calder, Esquire
Attorney ID No. 68055
John Amos Marlatt, Esquire
Attorney ID No. 210141
Philip W. Newcomer, Esquire
Attorney ID No. 60055
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033
Maureen.calder@montgomerycountypa.gov
John.marlatt@montgomerycountypa.gov

Attorneys for Defendant,
Montgomery County Board of Elections