No. 23-3166

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

PENNSYLVANIA CONFERENCE OF THE NAACP, *et al.,*

v.

SECRETARY COMMONWEALTH OF PENNSYLVANIA, *et al.*

REPUBLICAN NATIONAL COMMITTEE;
NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE;
THE REPUBLICAN PARTY OF PENNSYLVANIA,

*Appellants.*

**On Appeal from the United States District Court for the Western District of Pennsylvania, Case No. 1:22-cv-00339**

## RICHARD MARINO'S REPLY IN SUPPORT OF MOTION TO INTERVENE

Kathleen A. Gallagher
THE GALLAGHER FIRM, LLC
436 Seventh Ave., 31st Floor
Pittsburgh, PA 15219
(412) 717-1900
kag@gallagherlawllc.com

Thomas W. King, III
Thomas E. Breth
DILLON, MCCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
(724) 283-2200
tking@dmkcg.com
tbreth@gmkcg.com

John M. Gore
 *Counsel of Record*
E. Stewart Crosland
Louis J. Capozzi, III
Ryan M. Proctor
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com
rproctor@jonesday.com

*Counsel for Richard Marino*

# INTRODUCTION

If anyone should have the right to appeal the District Court's decision, it is Richard Marino. He is the one person most directly affected by it. And he easily clears the requirements for both intervention of right and permissive intervention. Mr. Marino timely moved to intervene just one day after the District Court's ruling flipped the apparent outcome of his election. Staying the ruling would likely allow him to overturn the certification of his opponent in state court. And no existing party shares—or can share—his personal interest in serving as a Towamencin Township Supervisor. The weakness of Plaintiffs' arguments in opposition only confirms why Mr. Marino should be allowed to participate in this appeal. This Court should grant his motion to intervene.

# ARGUMENT

## I. THE COURT SHOULD GRANT MR. MARINO INTERVENTION OF RIGHT

### A. Mr. Marino's Motion Is Timely

Plaintiffs do not contest that Mr. Marino's motion to intervene in this Court is timely if his motion to intervene below was. *See* NAACP Opp. 14-19; *see also* Motion to Intervene of Richard Marino 9-10 ("Mot."). Indeed, the District Court has since dismissed Mr. Marino's motion below

1

so that "two courts" would not "be simultaneously considering the same issue." ECF No. 366 at 2; *see also* ECF No. 368 (denying Plaintiffs' motion for reconsideration of the dismissal). This makes it all the more necessary for this Court to grant intervention in the first instance.

**1.** Plaintiffs claim Mr. Marino's District Court motion was untimely because he filed it nine days after November 22, when the District Court gave notice it was going to issue a judgment in Plaintiffs' favor. NAACP Opp. 14-19; Sec'y Opp. 7. This is doubly mistaken. It was not clear that the District Court's decision would flip the result of Mr. Marino's election until the casting of lots on November 30, and Mr. Marino moved to intervene just one day after that. Mot. 4, 8-10. And regardless, the motion was timely even counting from November 22.

Timeliness is measured from the date Mr. Marino's "*need* to seek intervention … ar[o]se." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280 (2022) (emphasis added). That was November 30. Before the casting of lots, there was a 50% chance that the outcome of this suit would have no effect whatsoever on his interest in holding office. Only after losing the casting of lots was it apparent that Mr. Marino's

"rights" would be "directly affected by th[is] litigation." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1182 (3d Cir. 1994).

Even counting from November 22, however, it was still reasonable for Mr. Marino to wait for the casting of lots before filing. A "stay pending appeal … is an extraordinary remedy," *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of HHS*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)), that is "never awarded as of right," *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).[1]  Courts are thus reticent to grant a stay unless it is the applicant's only protection against irreparable harm. Stays, for instance, are not warranted "where an adequate remedy at law exists." *TD Bank N.A. v. Hill*, 928 F.3d 259, 282 (3d Cir. 2019). And they are frequently denied where the applicant has failed to exhaust "any available administrative remedies."  11A Wright & Miller, *Federal Practice and Procedure* § 2944 & n.9 (3d ed. Apr. 2023 update) (collecting cases).  True to those principles, Mr. Marino first tried to vindicate his

---

[1] There is "substantial overlap" between the legal standard for a "stay" pending appeal and a "preliminary injunction[]." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

interest in holding office through the Commonwealth's tie-breaking procedure before intervening to seek a stay. Mr. Marino did not thereby engage in "gamesmanship." NAACP Opp. 18. He instead showed due regard for the extraordinary nature of equitable relief by seeking it only after his other avenues for relief had failed.

Accordingly, Plaintiffs' cited cases of gamesmanship defeating motions for intervention are inapposite. *See* NAACP Opp. 18-19. In both cases, the would-be intervenor delayed participating in the suit for months simply because they hoped the existing defendant would win the federal suit for them. *See Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014) (movant did not want to "devote its 'limited resources'" to defending a suit it "believ[ed] the court" would "dismiss"); *Patriot Party of Pa. v. Mitchell*, 1993 WL 466522, at *3 (E.D. Pa. Aug. 17, 1993) (political party waited until after state chose not to appeal judgment invalidating state election regulation and it appeared the plaintiff would obtain relief to intervene and assert its "general interest in the integrity of the electoral process"). And neither delayed only a few days to exhaust a state-law remedy that could have made unnecessary a request for extraordinary equitable relief in federal court.

In any event, even if the casting of lots did not justify further delay, Mr. Marino still moved to intervene only nine days after November 22. That is not an unreasonable delay. The Supreme Court has held, for instance, that a motion to intervene to file a notice of appeal submitted 18 days after judgment was "promptly" filed and thus timely. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 396 (1977). In contrast, Plaintiffs identify no case ruling untimely an intervention motion filed within nine days.

**2.** Plaintiffs identify no genuine prejudice from Mr. Marino's motion, reinforcing that his motion is timely. Mot. 10.

Plaintiffs complain that Mr. Marino's participation would make the case about the 2023 election, when their case centers on the comprehensive record the parties developed on the 2022 election. Their own conduct says otherwise. Plaintiffs admit that, had the District Court taken any longer to issue its final decision, *they* would have injected the 2023 election into this case. In particular, *Plaintiffs'* counsel would have filed a motion to intervene on behalf of Towamencin voters so that they could file an emergency motion to stay the certification of Mr. Marino's election. NAACP Opp. 9 & Ex. 2. So Plaintiffs cannot seriously think

that injecting the 2023 election into this case is prejudicial. And, in all events, Plaintiffs *recount*—and do not dispute—the basic facts regarding Mr. Marino's election. *See id.* 7-13.

Even setting aside Plaintiffs' admission by conduct, it is clear they will suffer no prejudice. Plaintiffs rely on the factual record to show that Pennsylvania's date requirement is not material to determining a voter's qualifications. NAACP Stay Opp. 7-9, 13. Mr. Marino *agrees*. His argument is instead that the date requirement does not implicate the Materiality Provision because (1) casting a mail ballot is not an "application, registration, or other act requisite to voting," because it is not part of the voter-registration process; (2) the requirement is not used "in determining" a voter's qualifications; and (3) application of the requirement does not "deny" anyone "the right … to vote." 52 U.S.C. § 10101(a)(2)(B); *see* Stay Mot. 13-27. Those are questions of pure statutory interpretation that do not turn on the particular facts of any election.

Moreover, this supposed prejudice has nothing to do with any delay on Mr. Marino's part. Even if he had moved to intervene precisely on Plaintiffs' preferred date of November 22, he would still be "inject[ing]"

6

facts about the 2023 election into the case. NAACP Opp. 16. And it cannot seriously be Plaintiffs' position that a candidate who loses his office because of a court's election-law ruling has no right to intervene to win back his seat even if he acts with instantaneous promptness.

Mr. Marino promptly filed his motion to intervene, and his participation in the case causes no prejudice. His motion is timely.

### B. This Case May Impair Mr. Marino's Interest In Obtaining Office.

Mr. Marino satisfies the second and third requirements of intervention of right. He "claims an interest relating to … the subject of" this appeal—holding office. Fed. R. Civ. P. 24(a)(2); *see* Mot. 10-14. And the disposition of this appeal "may as a practical matter impair [his] ability to protect [that] interest," because the District Court's judgment is the only basis county officials and a state court have asserted in denying him certification. Fed. R. Civ. P. 24(a)(2); *see* Mot. 14-15; Stay Reply Ex. A.

Plaintiffs concede that, at least at one point, Mr. Marino had "a live, protectable interest in the outcome of the election." NAACP Opp. 20. But they claim that this interest can no longer be vindicated because he failed to timely challenge certification of the election under state law.

7

*Id.* at 19-21; Sec'y Opp. 8-9; Montgomery Opp. 4-8. That is not true. Voters who voted for Mr. Marino *have* filed a timely challenge to certification, and it remains pending in state court. And regardless, it is not necessary or appropriate for this Court to prejudge that suit in order to grant Mr. Marino leave to intervene.

**1.** A group of Towamencin voters have filed an election contest petition in state court seeking the certification of the election in Mr. Marino's favor. Mot. 4; ADD.3-14. This type of challenge permits "the results of an election" to "be changed" even after they "have been certified." *In re Gen. Election for Office of Prothonotary*, 849 A.2d 230, 235 (Pa. 2004).[2] Although Mr. Osei argued that the petition was time-barred, the state trial court did not agree. Instead, it denied the petition on the merits, citing the District Court's decision below as the sole "basis" for its ruling. Stay Reply Ex. A.

---

[2] By contrast, the federal appeal in *Ritter*, *see* NAACP Opp. 20; Sec'y Opp. 9, became moot post-certification because voters did *not* file "any objections to the certification of th[e] election" in state court. Br. in Opposition of Linda Migliori et al. at 20, *Ritter v. Migliori*, 143 S. Ct. 297 (2022) (No. 22-30).

The trial court was right to disregard the timeliness objection. Since the Montgomery County Election Board finished its final computation of the ballots on November 15, it was required by statute to certify the leading candidate (at that time Mr. Marino) by November 21. *See* 25 P.S. § 3154(f); ADD.9-10 ¶¶ 14-15. But the Board did not certify a winner until December 4, five days after Mr. Osei won the drawing of lots. Montgomery Opp. 7. The voters filed their petition the same day. *Id.* at 8.

As a general matter, a contest petition challenging certification of an election must be filed within 20 days of the election, which was November 27. 25 P.S. § 3456. But because the Board refused to comply with its statutory deadlines, there was no certification to challenge until after that deadline had expired. Under such circumstances, where a petitioner is not able to file a challenge "before the statutory limitations barred his remedies" because the Election Board "neglected to carry out its statutory duty" to timely certify, Pennsylvania courts deem the petition timely filed "nunc pro tunc." *In re Twenty-Sixth Election Dist.*, 41 A.2d 657, 658-59 (1945). Thus, because *the Board* failed to certify the

election within 20 days, and because the voters filed their petition *the same day* as the certification decision, their petition is timely.

Accordingly, Mr. Marino's only obstacle to victory in state court is the District Court's decision, which was the sole ground on which the petition was denied. If the District Court's decision is stayed, the state trial court will very likely be reversed.

**2.** In any event, this Court need not prejudge the state court proceedings to grant intervention. Although Plaintiffs frame their arguments in terms of Rule 24(a)(2)'s "interest" requirement, they really sound in the "impair[ment]" requirement. Whether or not he is ultimately correct about state law, Mr. Marino clearly "*claims*" a legitimate "interest" in the outcome of this appeal, which is all Rule 24 requires. Fed. R. Civ. P. 24(a)(2) (emphasis added). He need not *prove* he will ultimately prevail in state court to intervene. All he need do is make the minimal showing that his ability to protect his claimed interest "*may* as a practical matter" be impaired. *Id.* (emphasis added). After all, Rule 24 is meant to be "flexible, pragmatic," and "liberal[]," not formalist. *Alcan Aluminum*, 25 F.3d at 1180. If the outcome of this appeal could

affect whether Mr. Marino serves in office, he should be able to participate in it.

Mr. Marino easily satisfies this standard. At minimum, it is at least *possible* he will prevail in state court on the timeliness issue. And it would not be appropriate—particularly when ruling on a procedural motion of this kind—for this Court to rule that an ongoing state-court suit is doomed based on state-law issues actively being argued and considered in that case. For intervention purposes, it is enough that the outcome of this appeal "may as a practical matter" affect the outcome of the state litigation. Fed. R. Civ. P. 24(a)(2).

### C. Mr. Marino's Interests Are Not Adequately Represented By The Existing Defendants

Lastly, Mr. Marino meets the "minimal" requirement of showing that his interests "may" not be adequately represented by existing parties. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). To begin with, none of the existing Appellants shares Mr. Marino's personal interests in holding office and being compensated therefor. As a matter of Rule 24's plain text, they thus do not "represent" those interests, adequately or otherwise. Mot. 15-16. Neither Plaintiffs nor the Election Board responds to this point, *see* NAACP Opp. 21-22;

Montgomery Opp. 8-10, thereby forfeiting any objection to it, *see United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023).

Moreover, "even 'a shared general agreement'" about how to prosecute the appeal "does not necessarily ensure agreement in all particular respects," as is needed to establish adequacy of representation. *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003). Mr. Marino has a unique interest in obtaining relief *now*, before January 1. And as a repeat player, the Republican Party has a higher-priority interest in obtaining a favorable ruling for future elections, which Mr. Marino does not share. It is not hard to see how those interests "may" diverge as the litigation runs its course, such as in strategic decisions about how quickly to seek relief. *Trbovich*, 404 U.S. at 538 n.10

Nor does it matter that the same counsel represents both Mr. Marino and the existing Appellants. *See* Sec'y Opp. 11. "Rule 24(a)(2) requires a showing that the existing parties, not their lawyers, will adequately represent the applicant." *Norton*, 322 F.3d at 737. "Sharing the same counsel does not guarantee that the clients' interests are congruent …." *Id.*

## II. ALTERNATIVELY, THE COURT SHOULD GRANT MR. MARINO PERMISSIVE INTERVENTION

At minimum, the Court should exercise its discretion to grant permissive intervention, against which Plaintiffs and the Election Board do not raise any independent arguments. NAACP Opp. 22-23; Montgomery Opp. 10. If a federal court directly causes a candidate to lose an election he had already won, the candidate at least deserves a fair opportunity to explain why he believes the court got it wrong. To refuse him that chance is not only unfair; it risks undermining the legitimacy of and public confidence in our system of elections.

## CONCLUSION

The Court should grant Mr. Marino intervention of right or, in the alternative, permissive intervention by December 15, 2023, and no later than its ruling on his motion for stay pending appeal.

Dated: December 13, 2023

Respectfully submitted,

Kathleen A. Gallagher
THE GALLAGHER FIRM, LLC
436 Seventh Ave., 31st Floor
Pittsburgh, PA 15219
(412) 717-1900
kag@gallagherlawllc.com

Thomas W. King, III
Thomas E. Breth
DILLON, MCCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
(724) 283-2200
tking@dmkcg.com
tbreth@gmkcg.com

*/s/* John M. Gore
John M. Gore
  *Counsel of Record*
E. Stewart Crosland
Louis J. Capozzi, III
Ryan M. Proctor
JONES DAY
51 Louisiana Ave. NW
Washington, DC  20001
(202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

14

## COMBINED CERTIFICATIONS

1. Pursuant to Third Circuit L.A.R. 28.3(d), at least one of the attorneys whose names appear on this motion, including the undersigned, is a member in good standing of the bar of this Court.

2. This brief complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,587 words. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced 14-point serif font (Century Schoolbook Std), using Microsoft Word.

3. Pursuant to Third Circuit L.A.R. 31.1(c), Microsoft Safety Scanner version 1.387.711.0 has been run on this electronic file and no virus was detected.

Dated: December 13, 2023        /s/ John M. Gore
                                John M. Gore
                                *Counsel for Richard Marino*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023, this brief was electronically filed with the Clerk of Court using the appellate CM/ECF system. Service on counsel for all parties in the district court has been accomplished via notice filed through the district court's CM/ECF system attaching a copy of this filing.

Dated: December 13, 2023　　　　　/s/ John M. Gore
　　　　　　　　　　　　　　　　　　John M. Gore
　　　　　　　　　　　　　　　　　　*Counsel for Richard Marino*