No. 23-3166

# United States Court of Appeals for the Third Circuit

Pennsylvania State Conference of the NAACP, *et al.*,

*Plaintiffs-Appellees*,

v.

Secretary Commonwealth of Pennsylvania, *et al.*,

*Defendants-Appellees*,

Richard Marino; Republican National Committee; National Republican Congressional Committee; The Republican Party of Pennsylvania,

*Intervenor-Defendants–Appellants*.

On Appeal from the United States District Court
for the Western District of Pennsylvania
No. 1:22-cv-339 (Baxter, J.)

## MOTION FOR LEAVE TO FILE *AMICUS* BRIEF IN SUPPORT OF APPELLANTS BY RESTORING INTEGRITY AND TRUST IN ELECTIONS, INC.

Gilbert C. Dickey
Conor D. Woodfin
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

December 30, 2023

*Counsel for Amicus Curiae*

**United States Court of Appeals for the Third Circuit**

**Corporate Disclosure Statement and
Statement of Financial Interest**

No. 23-3166

PENNSYLVANIA STATE CONFERENCE OF THE NAACP, et al.

v.

SECRETARY COMMONWEALTH OF PENNSYLVANIA, et al.,

Instructions

      Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

      Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest.  This information need be provided only if a party has something to report under that section of the LAR.

      In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings.  If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list.  LAR 26.1(c).

      The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

      The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first.  A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed.  Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

      If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, makes the following disclosure:

Restoring Integrity and Trust in Elections, Inc.
(Name of Party)

    1) For non-governmental corporate parties please list all parent corporations:
None.

    2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:
None.

    3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:
None.

    4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.
Not applicable.

/s/ Gilbert Dickey
(Signature of Counsel or Party)

Dated: 12/30/23

rev: 09/2014                      (Page 2 of 2)

## MOTION FOR LEAVE TO FILE

Restoring Integrity and Trust in Elections, Inc. (RITE) moves to file the attached amicus brief in support of Appellants in this case. RITE is a 501(c)(4) non-profit organization whose mission is to protect the rule of law in elections throughout the United States. RITE supports laws and policies that promote secure elections and enhance voter confidence in the electoral process. It also files briefs in state and federal courts across the country on important issues regarding the qualifications for voting, the administration of elections, and the tabulation of ballots. The district court permitted RITE to file amicus briefs in this case and its companion case at the summary judgment stage.

This case raises several legal issues that carry national consequences. District and circuit court opinions on these issues have varied wildly, and the Supreme Court has yet to issue a controlling decision. Given the upcoming 2024 elections, it is critical that this Court avoid the errors that have plagued other courts. RITE's brief discusses some of those errors, and how the Court can avoid them. The brief also details the history of the materiality provision of the 1964 Civil Rights Act, which frames the statute in its proper context. RITE's expertise and national perspective on voting rights, election law, and election administration will assist the Court in reaching a decision consistent with the rule of law.

RITE filed this motion just three days after the Appellants filed their opening brief. The motion is thus timely. *See* Fed. R. App. P. 29(a)(6). The brief complies with

all applicable rules, and no party has expressed opposition to the filing of the brief.[1] No counsel for any party authored the brief in whole or in part, and no entity or person, aside from amicus curiae and their counsel, made any monetary contribution toward the preparation or submission of this brief.

## CONCLUSION

For the foregoing reasons, the Court should grant Amicus leave to file the attached brief.

Respectfully submitted,

*/s/ Gilbert C. Dickey*

Gilbert C. Dickey
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

DECEMBER 30, 2023                                     *Counsel for Amicus Curiae*

---

[1] RITE has not yet received the positions of the Secretary, or of the Boards of Elections for Beaver, Butler, Cambria, Chester, Clarion, Cumberland, Erie, Fayette, Forest, Greene, Juniata, Lackawanna, Lycoming, McKean, Schuylkill, Somerset, Sullivan, Susquehanna, Tioga, Union, Warren, Washington, Westmoreland, and Wyoming Counties. All other parties have informed RITE that they do not oppose the filing.

**COMBINED CERTIFICATIONS**

In accordance with the Federal Rules of Appellate Procedure and the Local Rules of this Court, I certify the following:

1. I am a member in good standing of the Bar of this Court.
2. This motion complies with the type-volume limitations because it contains 437 words, excluding the parts that can be exempted.
3. This motion complies with the typeface and type-style requirements because it has been prepared using Microsoft Word in 14-point Garamond.
4. The text of the attached brief is identical to the text in the paper copies.
5. The electronic file containing the motion was scanned for viruses using the most recent version of a commercial virus scanning program, and no virus was detected.

Dated: December 30, 2023         */s/ Gilbert C. Dickey*
                                 Gilbert C. Dickey
                                 *Counsel for Amicus*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2023, this brief was electronically filed with the Clerk of Court using the appellate CM/ECF system, which will provide notice and service on counsel for all parties.

Dated: December 30, 2023　　　　　　*/s/ Gilbert C. Dickey*
　　　　　　　　　　　　　　　　　Gilbert C. Dickey
　　　　　　　　　　　　　　　　　*Counsel for Amicus*