No. 23-3166

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*,
*Plaintiffs-Appellees*,

v.

SECRETARY OF THE COMMONWEALTH, *et al.*,
*Defendants-Appellees,*

REPUBLICAN NATIONAL COMMITTEE, *et al.*,
*Intervenors-Appellants.*

On Appeal from the United States District Court for the
Western District of Pennsylvania, Case No. 1:22-cv-339

## BRIEF FOR CHESTER COUNTY BOARD OF ELECTIONS

Colleen Frens
Faith Mattox-Baldini
THE COUNTY OF CHESTER
SOLICITOR'S OFFICE
313 W. Market Street, Suite 6702
West Chester, PA 19382
(610) 344-6195
cfrens@chesco.org
fmattoxbaldini@chesco.org

Timothy J. Ford (Pa. Id. No.
325290)
Christian M. Velez-Vargas
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
(215) 575-7000
tford@dilworthlaw.com
cvelez-vargas@dilworthlaw.com

*Counsel for Appellee Chester
County Board of Elections*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................ii

INTRODUCTION......................................................................................1

STATEMENT OF THE ISSUES................................................................2

STATEMENT OF THE CASE ..................................................................3

SUMMARY OF ARGUMENT ...................................................................8

ARGUMENT ............................................................................................9

   I.  The Court Lacks Jurisdiction to Determine Chester County's Rights and Obligations..........................................................................9

  II. The Court Cannot Order Chester County to Decertify Its 2023 Election Results. ..................................................................................14

CONCLUSION .......................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re 2003 Gen. Election for Office of Prothonotary,*
  849 A.2d 230 (Pa. 2004) ....................................................................... 17

*Armstrong World Indus., Inc. by Wolfson v. Adams,*
  961 F.2d 405 (3d Cir. 1992) ................................................................. 12

*Ball v. Chapman,*
  289 A.3d 1 (Pa. 2023) ................................................................... 13, 14

*Bognet v. Sec'y Commonwealth of Pa.,*
  980 F.3d 336 (3d Cir. 2020), *vacated as moot sub nom.*
  *Bognet v. Degraffenreid,* 141 S. Ct. 2508 (2021) .......................... 18, 19

*Brenner v. Local 514, United Bhd. of Carpenters & Joiners,*
  927 F.2d 1283 (3d Cir. 1991) ............................................................... 11

*Bush v. Gore,*
  531 U.S. 98 (2000) ................................................................................ 13

*California v. Texas,*
  141 S. Ct. 2104 (2021) ........................................................................... 9

*Clemens v. ExecuPharm Inc.,*
  48 F.4th 146 (3d Cir. 2022) ................................................................. 10

*Greenberg v. Lehocky,*
  81 F.4th 376 (3d Cir. 2023) ................................................................. 10

*Hartnett v. Pa. State Educ. Ass'n,*
  963 F.3d 301 (3d Cir. 2020) ................................................................ 10

*Kost v. Kozakiewicz,*
  1 F.3d 176 (3d Cir. 1993) .................................................................... 11

*Lujan v. Defs. of Wildlife,*
  504 U.S. 555 (1992) .............................................................................. 10

*Migliori v. Cohen*,
   36 F.4th 153 (3d Cir.), *vacated as moot sub nom. Ritter v. Migliori*, 143 S. Ct. 297 (2022) .............................................. 14, 15, 18

*Nat'l Org for Women, Inc. v. Scheidler*,
   510 U.S. 249 (1994) .............................................................................. 10

*Raines v. Byrd*,
   521 U.S. 811 (1997) .............................................................................. 10

*Rinaldi v. Ferrett*,
   741 A.3d 73 (Pa. Commw. Ct. 2007) ........................................ 16, 17, 18

*Thole v. U.S. Bank N.A.*,
   140 S. Ct. 1615 (2020) .......................................................................... 10

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) .............................................................................. 11

*Yaw v. Del. River Basin Comm'n*,
   49 F.4th 302 (3d Cir. 2022) ................................................................... 10

## Statutes

52 U.S.C. § 10101(a)(2)(B) ........................................................ 1, 5, 14, 15

25 Pa. Stat. § 2641(a) ................................................................................. 3

25 Pa. Stat. § 2642(k) ................................................................... 3, 14, 15

25 Pa. Stat. § 3154(e) ........................................................ 4, 6, 7, 15, 16

25 Pa. Stat. § 3157(a) ...................................................................... 7, 16, 17

25 Pa. Stat. § 3261 .................................................................................... 7, 16

25 Pa. Stat. § 3263 .................................................................................... 7, 16

25 Pa. Stat. § 3263(b) ............................................................................... 17

25 Pa. Stat. § 3456 .............................................................................. 7, 17

## INTRODUCTION

The District Court declared that the rejection of mail ballots returned in undated and incorrectly dated outer envelopes violates the Materiality Provision of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B). In the same Order, the District Court dismissed fifty-five of Pennsylvania's sixty-seven county boards of elections, including the Chester County Board of Elections ("Chester County"), from the case for lack of standing. Relying on the District Court's declaration of federal law, Chester County and at least five other dismissed county boards of elections counted mail ballots returned in undated and incorrectly dated outer envelopes before they certified their election results. Ramachandran Decl. ¶ 8, ECF No. 35.

In this appeal, the Republican Party Appellants do not challenge the District Court's dismissal of fifty-five county boards of elections. Yet their equal protection arguments require this Court to determine the rights and obligations of Chester County and the other dismissed county boards. The Republican Party Appellants have waived any arguments that there is Article III jurisdiction over Chester County and the other dismissed counties. Since there is no Article III standing here, this Court

lacks the Constitutional authority to opine on what the Republican Party Appellants contend were obligations of Chester County and the other dismissed county boards of elections for the already concluded 2023 election. The Republican Party Appellants therefore ask this Court to issue an impermissible advisory opinion.

Even if this Court could order relief as to Chester County—which it cannot—this Court cannot order relief that changes election results after certification. Certification is a matter of state law, not federal law. Pennsylvania law provides four ways to challenge the outcome of an election. None of the Republican Party Appellants followed any of them. They simply have not taken steps as a matter of law to challenge the certification of the 2023 election results. While this Court can declare federal law for future elections as part of the live dispute with parties other than Chester County, certification prevents it from changing the results of past elections.

## STATEMENT OF THE ISSUES

1.   Where the Republican Party Appellants have failed to challenge the District Court's dismissal of the Chester County Board of Elections as one of the fifty-five county boards of elections for lack of

standing, does the Court have Article III jurisdiction to address the rights and obligations of Chester County for the now concluded and certified 2023 election? App.5–6, 45–46.

2.      Can this Court order a county board of election to decertify its election results after certification when none of the Appellants followed any of the state law procedures to challenge election results? Order (Dec. 13, 2023), ECF No. 43.

## STATEMENT OF THE CASE

***County Boards of Elections.*** Pennsylvania has a county system of election administration. Under the Pennsylvania Election Code, "[t]here shall be a county board of elections in and for each county of this Commonwealth, which shall have jurisdiction over the conduct of primaries and elections in such county, in accordance with the provisions of th[e] act." 25 Pa. Stat. § 2641(a). Among their duties and responsibilities, county boards of elections "receive from district election officers the returns of all primaries and elections . . . [and] canvass and compute the same." *Id.* § 2642(k).

As part of Pennsylvania's county system of election administration, the Election Code imposes upon the county boards of elections the

statutory duty to certify election results. Two Pennsylvania Election Code provisions govern certification timing. First, county boards of elections have a statutory duty "to certify, no later than the third Monday following the primary or election, the results thereof to the Secretary of the Commonwealth." *Id.* Second, a county board of elections "shall certify" the election results "[a]t the expiration of five (5) days after the completion of the computation of votes." *Id.* § 3154(e). There is only exception to the five-day waiting period after computation before certification: in case a petition "for a recount or recanvass has been filed in accordance with the provisions of this act." *Id.*

The 2023 Municipal Election took place on November 7, 2023. Accordingly, the statutory deadline for county boards of elections to certify the election results was November 27, 2023. *See id.* § 2642(k).

***The District Court's Order.*** On November 21, 2023—before Chester County certified its election results—the District Court entered its Order at issue in this appeal. App.3. In the Order, the District Court ordered that "fifty-five county boards of elections be dismissed from this action as no Plaintiff has established standing against them," including Chester County. App.5. In addition, the District Court ordered certain

4

other county boards of elections to open and canvass certain mail ballots.
App.6. The District Court also entered a declaratory judgment in favor of
the plaintiffs making a general declaration of federal law that:

> both (1) the rejection of timely submitted mail ballots based
> solely on the failure of a voter to write a date at all next to the
> voter's signature on the return envelope ["undated ballots"];
> and (2) the rejection of timely submitted mail ballots based
> solely on a determination that the date written by a voter on
> the return envelope was "incorrect" ["incorrectly dated
> ballots"] violates the Materiality Provision of the Civil Rights
> Act of 1964, 52 U.S.C. § 10101(a)(2)(B).

*Id.*

***Chester County Certifies the 2023 Election Results.*** After the
District Court declared federal law, the Chester County Board of
Elections made the decision to open the computation of votes and canvass
undated and incorrectly dated mail ballots. Ramachandran Decl. ¶ 8,
ECF No. 35. On November 22, 2023, the Chester County Board of
Elections gave notice that, "'[d]ue to a recent court decision, . . . on
Monday, November 27th at 9:00 AM, The Chester County Board of
Elections will conduct the central count of ballots which will take place
on the 5th floor, located at 313 W. Market St., West Chester, PA."
"Notices," *Chester County, Pennsylvania*,
https://www.chesco.org/5391/Notices (last accessed Jan. 10, 2024).

5

On November 27, 2023, the Chester County Board of Elections gave notice that it completed the computation of undated and incorrectly dated ballots the same day:

> The canvass and tabulation of the Chester County mail-in ballots affected by the recent court decision in the U.S. District Court of the Western District of Pennsylvania, which now allows for canvass and tabulation of mail-in ballots with missing or incorrect dates, is complete. The results have now been posted, and the five-day waiting period required by the Pennsylvania Election Code has begun. Chester County will certify the 2023 General Election at a time and date that will be announced in advance.

*Id.*

With computation complete, the Election Code required the Chester County Board of Elections to wait five days to certify the election results, to give interested parties the opportunity to petition state trial court for a recount or recanvass. *See* 25 Pa. Stat. § 3154(e). The Chester County Board of Elections certified the 2023 election results on December 4, 2023.

***The Republican Party Appellants Never Challenge Chester County's Certification.*** On December 6, 2023—after Chester County certified its election results—Intervenor-Defendants the Republican National Committee, National Republican Congressional Committee,

and Republican Party of Pennsylvania (as used in their Opening Brief, the "Republican Party Appellants") appealed the District Court's November 21, 2023 Order.

Before they appealed, the Republican Party Appellants filed a Motion for a Stay Pending Appeal. App.134. But none of the Republican Party Appellants: (1) appealed the decision of the Chester County Board of Elections to open computation and count ballots after the District Court's Order, *see* 25 Pa. Stat. § 3157(a); (2) petitioned the board of elections or state trial court for a recount or recanvass, *see id.* §§ 3154(e), 3261, 3263; or (3) filed an election contest in state trial court within twenty days of the election, *see id.* § 3456.

Ultimately, after they appealed, the Republican Party Appellants filed an "Emergency Motion for a Stay" in this Court. ECF No. 9. On December 13, 2023, this Court granted the motion. Order (Dec. 13, 2023), ECF No. 43. But this Court's Order also stated that "[n]othing herein constitutes a ruling on the certification of any election. In their merits briefing, the parties should address the effect, if any, of certification on the jurisdiction of this court." *Id.*

## SUMMARY OF ARGUMENT

The Republican Party Appellants are not entitled to relief from Chester County in this appeal for two reasons. First, the District Court dismissed Chester County from this case because no one had standing to assert any claims against Chester County. The Republican Party Appellants do not challenge this dismissal. As a result, they have waived any arguments that there is Article III jurisdiction over Chester County and the other dismissed counties. Since there is no Article III standing here, this Court lacks the Constitutional authority to opine on the rights and obligations of Chester County and the other dismissed county boards of elections. Yet the Republican Party Appellants' equal protection arguments require this Court to adopt the Republican Party Appellants' assertions about the rights and obligations of Chester County and the other dismissed county boards of elections. In effect, the Republican Party Appellants ask this Court to issue an impermissible advisory opinion.

Second, the Republican Party Appellants ask this Court to exercise jurisdiction over the 2023 election results after certification. But certification is a matter of state law, not federal law. Pennsylvania law

provides four ways to challenge election results. The Republican Party Appellants have not preserved—let alone made—any challenge to election results after certification. For this second reason, this Court should decline to issue any order that decertifies the 2023 election results in Chester County.

## ARGUMENT

## I.   The Court Lacks Jurisdiction to Determine Chester County's Rights and Obligations.

The Republican Party Appellants do not challenge the District Court's conclusion dismissing claims against Chester County for lack of standing.  As a result, there are no live claims in this case against—or about—Chester County.  Yet Appellants premise their "equal protection" argument on this Court defining the obligations of Chester County and the other dismissed counties. Because there is no existing case or controversy with respect to any of the dismissed counties, this Court lacks the power to give the Republican Party Appellants the advisory opinion their "equal protection" argument calls for.

Like other forms of relief, a "declaratory judgment action[ ] must satisfy Article III's case-or-controversy requirement." *California v. Texas*, 141 S. Ct. 2104, 2115 (2021). Article III limits a federal court's

9

jurisdiction to matters that "present live disputes" and where "both sides have a personal stake" in the case. *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305 (3d Cir. 2020). "Part of the case-or-controversy requirement" lies on the plaintiff to show they "have standing to sue." *Yaw v. Del. River Basin Comm'n*, 49 F.4th 302, 310 (3d Cir. 2022) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

"Standing is a 'jurisdictional requirement' that 'remains open to review at all stages of the litigation.'" *Greenberg v. Lehocky*, 81 F.4th 376, 384 (3d Cir. 2023) (quoting *Nat'l Org for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994)). To satisfy this burden, a plaintiff must demonstrate "(1) [they have] suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) . . . the injury was caused by the defendant, and (3) . . . the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022).

Based on these guiding principles, the District Court dismissed all claims against fifty-five counties, including Chester County, limiting Plaintiffs' claims only to twelve county boards. The Republican Party

Appellants neither challenge the District Court's dismissal of the fifty-five counties on standing grounds, nor did they assert below that they had their own standing to assert claims against the dismissed counties, particularly since Appellants intervened as defendants and has not asserted any claims against Chester County.

Two conclusions flow from the Republican Party Appellants' failure to challenge the dismissal of the fifty-five counties either below or in this Court. First, the Republican Party Appellants have waived any arguments that there is Article III jurisdiction over Chester County and the other dismissed counties. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument."); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) ("[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief."). Second, since there is no Article III standing here, this Court lacks the Constitutional authority to opine on the rights and obligations of Chester County and the other dismissed counties. *See TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021) ("For there to be a

case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing."); *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 408, 424 (3d Cir. 1992) (holding a plaintiff's declaratory judgment claim was not ripe for judicial review and opining Article III, Section 2 "stands as a direct prohibition on the issuance of advisory opinions").

Yet the Republican Party Appellants continue to implicate—and in effect seek a declaration of—the rights and obligation of the dismissed Counties in their arguments. To justify their "equal protection" argument, the Republican Party Appellants attempt to manufacture a distinction between the obligations of the dismissed counties under state law from the obligations of the twelve counties subject to the District Court's order. The only way to get to the Republican Party Appellants' asserted distinction is for this Court to decide what the *dismissed counties* must do under state law. In effect, Appellants ask this Court to render an advisory opinion determining the obligations of dismissed parties over whom Appellants agree this Court lacks Article III jurisdiction. Appellants' Br. 56–57, ECF No. 97-1.

Further, the Republican Party Appellants make the claim that, by dismissing fifty-five of Pennsylvania's sixty-seven county boards of elections, the District Court's decision creates "an even worse violation of Equal Protection" than the U.S. Supreme Court addressed in *Bush v. Gore*, 531 U.S. 98 (2000). Appellants' Br. 56. Relying solely on *Bush v. Gore*, Appellants ignore *Bush*'s explicit limitation "to the present circumstances, for the problem of equal protection in election processes presents many complexities." *Bush*, 531 U.S. at 109 (per curiam). Notably, Appellants advance no other authority that the District Court violated equal protection.

More important, in seeking an advisory opinion on the obligations of the dismissed counties, Appellants overstate the impact of the Pennsylvania Supreme Court's divided opinion in *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023). In *Ball*, a majority of Pennsylvania's Supreme Court decided, as a matter of statutory interpretation of the *state* Election Code, that undated and incorrectly dated ballots should not count. *Id.* at 22–23. But the Court split evenly on the *federal* question of whether the failure to count undated and incorrectly dated ballots violated the Materiality Provision of the Civil Rights Act. *Id.* at 23 & nn.132–33.

Accordingly, Pennsylvania's Supreme Court made no declaration of *federal* law.[1] Thus, there was no decision on the Materiality Provision of the Civil Rights Act for county boards of elections to follow until the District Court issued its decision in this case declaring federal law.

Contrary to the picture that Appellants attempt to paint, therefore, the District Court's Order does not create a dynamic in which some Counties are bound not to count ballots under *Ball* while other Counties are bound to count ballots under the District Court's Order. *Ball* declared state law. The District Court's Order declared federal law. When this Court decides this appeal, it will decide federal law, as it did in *Migliori v. Cohen*, 36 F.4th 153 (3d Cir.), *vacated as moot sub nom. Ritter v. Migliori*, 143 S. Ct. 297 (2022).

## II.    The Court Cannot Order Chester County to Decertify Its 2023 Election Results.

Even if this Court could order relief as to Chester County—which it cannot—this Court cannot order Chester County to decertify the 2023 election results for a second reason: the Republican Party Appellants

---

[1] Procedurally, the Pennsylvania Supreme Court heard *Ball v. Chapman* by granting an Application to exercise that Court's King's Bench authority. 289 A.3d at 18. Thus, there was no lower court decision for the Court's split decision to affirm.

simply have not taken steps as a matter of law to challenge the certification of the 2023 election results.[2]

Certification is a matter of state law, not federal law. County boards of elections must certify election results "no later than the third Monday following the primary or election." 25 Pa. Stat. § 2642(k). But they also "shall certify" the election results "[a]t the expiration of five (5) days after the completion of the computation of votes." *Id.* § 3154(e). Put together, Chester County had a statutory duty to certify the election results five days after it completed the computation of votes on November 27, 2023. "Notices," *Chester County, Pennsylvania*, https://www.chesco.org/5391/Notices. Chester County accordingly certified the 2023 election results on December 4, 2023.

Under the Pennsylvania Election Code, there are only four ways to "challeng[e] the accuracy of a vote count":

> First, a request to the board of election for a recount may be made pursuant to Section 1404(e) of the Code, 25 P.S. §

---

[2] When the Supreme Court vacated this Court's decision in *Migliori v. Cohen*, county boards of elections lost the benefit of a declaration of federal law on the application of the Materiality Provision of the Civil Rights Act to mail ballots returned in undated and incorrectly dated outer envelopes. The remaining appellees over whom this Court has Article III jurisdiction do not challenge this Court's power to issue a declaratory judgment concerning federal law to be applied in future elections. This Court's decision in this case will give all county boards of elections clarity on federal law for future elections.

3154(e), which particularly pertinent to the present case, calls for filing of a petition by at least three voters who verify by affidavit that an error has been committed in the computation of the returns. Second, Section 1407(a) of the Code, 25 P.S. § 3157(a), provides for an appeal to court by a "person aggrieved by any order or decision of any county board regarding the computation or canvassing of the returns." (emphasis added). An appeal under Section 1407 must be filed within two days of the order or decision. Third, a request may be made to common pleas for a recount/recanvass of the votes. Such a request must be made within five days after completion of the board's computation and, most relevant to the present case, must be made by a petition verified by three qualified electors of the district and accompanied by a cash deposit or bond. Lastly, if the returns have been officially certified, the only manner in which a complainant may challenge the election result is by way of an election contest in the court of common pleas. See *In re 2003 General Election for Office of Prothonotary of Washington County, Appeal of Matheny*, 578 Pa. 3, 12, 849 A.2d 230, 235 (2004). . . . Section 1756, 25 P.S. § 3456, mandates that the petition be filed within twenty days after the day of the election and "concisely set forth the cause of complaint, showing wherein it is claimed that the primary or election is illegal . . . ."

*Rinaldi v. Ferrett*, 741 A.3d 73, 76–78 (Pa. Commw. Ct. 2007).

None of the Republican Party Appellants took any of these steps in Chester County. They did not challenge the decision of the Chester County Board of Elections to open computation and count undated and incorrectly dated mail-in ballots. *See* 25 Pa. Stat. § 3157(a). They did not petition either the board of elections or state trial court for a recount or recanvass. *See id.* §§ 3154(e), 3261, 3263. In fact, the Pennsylvania

16

Election Code provides only one exception to the five-day waiting period from the completion of computation to the certification of the election: in case a petition "for a recount or recanvass has been filed in accordance with the provisions of this act." *Id.* Without a petition for a recount or recanvass, therefore, Chester County (and other county boards of elections) had a statutory duty under state law to proceed to certify the election results.

Finally, as Pennsylvania's Commonwealth Court explained, "if the returns have been officially certified, the *only* manner in which a complainant may challenge the election result is by way of an election contest in the court of common pleas." *Rinaldi*, 941 A.2d at 77–78 (citing *In re 2003 Gen. Election for Office of Prothonotary*, 849 A.2d 230, 235 (Pa. 2004)) (emphasis added); *see also* 25 Pa. Stat. § 3263(b) (official election returns shall not be affected unless a recount petition "shall have been presented before the certification of the ballot boxes . . . or unless a contest shall have been instituted in the manner provided by this article"). Even then, an election contest must be filed within twenty days of the election. 25 Pa. Stat. § 3456. For the November 7, 2023 election, therefore, the last day to file an election contest was November 27, 2023.

17

No election contest was filed in Chester County. Although an election contest was filed on December 4, 2023 solely as to the election for Towamencin Township Supervisor in Montgomery County, App.152, that contest did not challenge any election certified by Chester County.

In sum, Pennsylvania law provides four ways for the Republican Party Appellants to "challeng[e] the accuracy of a vote count." *Rinaldi*, 741 A.3d at 76. The Republican Party Appellants did none. Instead, they sought a stay in federal court. But the stay ordered by this Court did not "constitute[] a ruling on the certification of any election." Order (Dec. 13, 2023), ECF No. 43. Altogether, the Republican Party Appellants failed to preserve any legal path to challenge certification of the 2023 election.

Consistent with Pennsylvania law, in recent years, the Supreme Court has declined to order relief in election cases after certification. The Supreme Court vacated this Court's decision in *Migliori v. Cohen* as moot after the Lehigh County Board of Elections certified the results. *Migliori v. Cohen*, 36 F.4th 153 (3d Cir.), *vacated as moot sub nom. Ritter v. Migliori*, 143 S. Ct. 297 (2022). The year before, the Supreme Court vacated this Court's decision in *Bognet v. Secretary Commonwealth of Pennsylvania* as moot after certification. *Bognet v. Sec'y Commonwealth*

*of Pa.*, 980 F.3d 336 (3d Cir. 2020), *vacated as moot sub nom. Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021).

Simply put, this Court cannot grant relief specifically as to the 2023 election. As explained above, the Republican Party Appellants have not established standing to order relief against Chester County. And there is no case or controversy about Chester County's certification because none of the Appellants preserved (or even made) a challenge to Chester County's certification. This Court should decline any invitation to order Chester County to decertify its 2023 election results.

## CONCLUSION

For the foregoing reasons, the District Court's Order should be affirmed as to the Chester County Board of Elections.

Dated:    January 10, 2024                Respectfully submitted,

By:    /s/ *Timothy J. Ford*
Timothy J. Ford (Pa. Id. No. 325290)
Christian M. Velez-Vargas (Pa. Id. No. 332670)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
(215) 575-7017
tford@dilworthlaw.com
cvelez-vargas@dilworthlaw.com

Colleen Frens
Faith Mattox-Baldini
THE COUNTY OF CHESTER
SOLICITOR'S OFFICE
313 W. Market Street, Suite 6702
West Chester, PA 19382
(610) 344-6195
cfrens@chesco.org
fmattoxbaldini@chesco.org

*Counsel for Appellee Chester County Board of Elections*

## COMBINED CERTIFICATIONS

1.     Pursuant to Third Circuit L.A.R. 28.3(d), at least one of the attorneys whose names appear on this response, including the undersigned, is a member in good standing of the bar of this Court.

2.     This brief complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,945 words.

3.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced 14-point serif font (Century Schoolbook), using Microsoft Word.

4.     Pursuant to Third Circuit L.A.R. 31.1(c), a virus detection program has been run on this file with Webroot and Malwarebytes, and no virus was detected.

Dated:     January 10, 2024          /s/ *Timothy J. Ford*
                                     *Counsel for Appellee Chester*
                                     *County Board of Elections*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2024, this brief was electronically filed with the Clerk of Court suing the appellate CM/ECF system. Service on counsel for all parties in the district court has been accomplished via notice filed through the district court's CM/ECF system attaching a copy of this filing.

Dated:    January 10, 2024    /s/ *Timothy J. Ford*
*Counsel for Appellee Chester*
*County Board of Elections*