Case No. 23-3166

# United States Court of Appeals
## for the
# Third Circuit

PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*,

*Plaintiffs-Appellees,*

– v. –

SECRETARY OF THE COMMONWEALTH, *et al.*,

*Defendants-Appellees,*

REPUBLICAN NATIONAL COMMITTEE, *et al.*,

*Intervenors-Appellants,*

DEMOCRATIC NATIONAL COMMITTEE, *et al.*,

*Intervenors-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA,
CASE NO. 1:22-CV-00339 (BAXTER, J.)

**MOTION FOR LEAVE TO FILE BRIEF FOR *AMICUS CURIAE*
THE PROTECT DEMOCRACY PROJECT IN SUPPORT OF
APPELLEES AND AFFIRMANCE**

AARON CROWELL
ALEXANDER D. BERNSTEIN
DAVID KIMBALL-STANLEY
CLARICK GUERON REISBAUM LLP
*Attorneys for Amicus Curiae*
220 Fifth Avenue, 14th Floor
New York, New York 10001
(212) 633-4310

CP COUNSEL PRESS　　(800) 4-APPEAL • (326416)

# United States Court of Appeals for the Third Circuit

## Corporate Disclosure Statement and Statement of Financial Interest

No. **23-3166** _____

Pennsylvania State Conference of the NAACP et al.

v.

Secretary of Commonwealth of Pennsylvania et al.

### Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, makes the following disclosure:

The Protect Democracy Project
(Name of Party)

1) For non-governmental corporate parties please list all parent corporations:
None

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:
None

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:
None

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.
n/a

/s/ Aaron Crowell                    Dated: 1/12/2024
(Signature of Counsel or Party)

rev: 09/2014                          (Page 2 of 2)

## MOTION FOR LEAVE TO FILE BRIEF FOR *AMICUS CURIAE* THE PROTECT DEMOCRACY PROJECT IN SUPPORT OF APPELLEES AND AFFIRMANCE[1]

The Protect Democracy Project respectfully moves the Court for permission to file the *amicus curiae* brief attached herewith, in support of Appellees. Protect Democracy is a nonpartisan, nonprofit organization dedicated to preventing our democracy from declining into a more authoritarian form of government. As part of that mission, Protect Democracy works to ensure that American elections are free and fair. In connection with that objective, Protect Democracy has an interest in ensuring that the Materiality Provision is not artificially narrowed so that it cannot prohibit unreasonable, unlawful, and/or discriminatory disenfranchisements.

Protect Democracy's proposed *amicus* brief is intended to assist the Court in evaluating the Appellants' assertion—echoed by their *amici*—that, prior to enacting 52 U.S.C. § 10101(a)(2)(B) (the "Materiality Provision"), Congress made findings regarding problems with voting registration only, and thus interpreting the statute to apply to later stages of the voting process would raise "serious doubt" about its constitutionality. The proposed brief reviews the voluminous record

---

[1] No counsel for a party authored the proposed brief in whole or in part, and no party or counsel for a party made a monetary contribution intended to fund the preparation or submission of the brief. No such monetary contributions were made by anyone other than *amicus* and its counsel.

1

compiled by Congress during an eight-year struggle to protect voting rights and demonstrates that there should be no "doubt," much less a "serious" one, that Congress had the authority and justification to enact the Materiality Provision to ensure that voters would not lose their rights, at any stage of the voting process, due to immaterial paperwork errors.

The proposed brief is timely filed. Indeed, the proposed brief has been submitted five days in advance of the applicable deadline. *See* Fed. R. App. P. 29(a)(6) (amicus brief must be filed "no later than 7 days after the principal brief of the party being supported is filed").

Protect Democracy solicited consent to file this brief from all parties who have appeared in and are participating in the appeal. Forty-five parties consented or stated they had no objection.[2] Only the Intervenor-Appellants—Richard Marino, the Republican National Committee, the National Republican

---

[2] Specifically, the Pennsylvania State Conference of NAACP Branches; the League of Women Voters; Philadelphians Organized to Witness Empower and Rebuild; Common Cause Pennsylvania; the Black Political Empowerment Project; Make the Road Pennsylvania; Marlene Gutierrez; Barry Seastead; Joel Bencan; Aynne Margaret Pleban Polinski; Laurence M. Smith; the Secretary of the Commonwealth of Pennsylvania; the Northampton, Adams, Allegheny, Bedford, Berks, Bucks, Carbon, Centre, Chester, Columbia, Dauphin, Delaware, Greene, Huntingdon, Indiana, Jefferson, Lackawanna, Lawrence, Lebanon, Luzerne, Monroe, Montgomery, Montour, Northumberland, Philadelphia, Snyder, Union, Venango, Westmoreland, and York County Boards of Elections; the Democratic Senatorial Campaign Committee; the Democratic Congressional Campaign Committee; and the Democratic National Committee each consented or stated that they did not object.

Congressional Committee, and the Republican Party of Pennsylvania—withheld their unconditional consent, asking that their position be represented as follows: "Appellants generally do not oppose the filing of amicus briefs in this matter, but object to the filing of any amicus brief less than 7 days before the due date for Appellants' reply brief, as any such filing prejudices Appellants' ability to respond."

Given the expedited briefing schedule here—which provides Intervenor-Appellants 7 days to submit a reply brief, *see* ECF 44— Intervenor-Appellants' suggestion would have required Appellees' *amici* to file any proposed brief simultaneously with Appellees' principal briefs.  But the Federal Rules of Appellate Procedure call for a "stagger" between *amicus* and principal briefs "to permit an amicus to review the completed brief of the party being supported and avoid repetitious argument."  Fed. R. App. P. 29 advisory committee's note to 1998 amendment.  Out of deference to the expedited schedule, Protect Democracy has filed its brief as promptly as possible—*i.e.*, just two days after the filing of Appellees' briefs and five days before the standard deadline.  This leaves as much time as reasonably possible, under the expedited schedule, for Intervenor-Appellants "to review arguments made by the amicus and address them in the party's responsive pleading," *id.*, without requiring the simultaneous submission the Rules disfavor.

## **CONCLUSION**

For the foregoing reasons, Protect Democracy respectfully requests that this Court permit the filing of its proposed *amicus* brief, attached herewith.

                                                    Respectfully submitted,

Dated: New York, New York          CLARICK GUERON REISBAUM LLP
January 12, 2024

                                         By: /s/ Aaron Crowell
                                              Aaron Crowell
                                              Alexander D. Bernstein
                                              David Kimball-Stanley
                                              220 Fifth Avenue, 14th Floor
                                              New York, NY 10001
                                              Tel.: (212) 633-4310
                                              acrowell@cgr-law.com
                                              abernstein@cgr-law.com
                                              dkimballstanley@cgr-law.com

                                              *Attorneys for Amicus Curiae The*
                                              *Protect Democracy Project*

## **COMBINED CERTIFICATIONS**

In accordance with applicable Federal and Local Rules, I certify as follows:

1. I am a member in good standing of the Bar of this Court.

2. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 724 words, excluding the parts exempted. In making this certificate, I have relied on the word count of the word-processing system used to prepare the motion.

3. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

4. The text of the attached brief is identical to the text in the paper copies.

5. The electronic file containing the motion was scanned for viruses using Vipre Virus Protection, version 3.1, and no virus was detected.

Dated: New York, New York  
        January 12, 2024

Respectfully submitted,

CLARICK GUERON REISBAUM LLP

By: /s/ Aaron Crowell  
    Aaron Crowell  
    Alexander D. Bernstein  
    David Kimball-Stanley  
    220 Fifth Avenue, 14th Floor  
    New York, NY 10001  
    Tel.: (212) 633-4310  
    acrowell@cgr-law.com  
    abernstein@cgr-law.com  
    dkimballstanley@cgr-law.com

*Attorneys for Amicus Curiae The Protect Democracy Project*

# **CERTIFICATE OF SERVICE**

I hereby certify that this motion was electronically filed with the Court using the CM/ECF system, which will provide notice to and service on all counsel of record.

Dated: New York, New York
January 12, 2024

Respectfully submitted,

CLARICK GUERON REISBAUM LLP

By: /s/  Aaron Crowell
    Aaron Crowell
    Alexander D. Bernstein
    David Kimball-Stanley
    220 Fifth Avenue, 14th Floor
    New York, NY 10001
    Tel.:  (212) 633-4310
    acrowell@cgr-law.com
    abernstein@cgr-law.com
    dkimballstanley@cgr-law.com

*Attorneys for Amicus Curiae The Protect Democracy Project*